UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CORNEL WEST, *et al.*,

Plaintiffs,

v.

PENNSYLVANIA DEPARTMENT OF
STATE, *et al.*,

Defendants.

No. 24-cv-1349
Judge Nicholas Ranjan

## NOTICE OF SUPPLEMENTAL AUTHORITY

The Department of State files this notice of supplemental authority to alert the Court of two relevant decisions issued yesterday.

In the first, the Pennsylvania Supreme Court declined to exercise original jurisdiction in an action filed September 18 seeking an order enjoining counties from permitting voters to remedy errors that are likely to result in their mail ballot being rejected when canvassed. *See Republican Nat'l Comm. v. Schmidt*, 108 MM 2024 (Pa. Oct. 5, 2024) (attached as Exhibit A). Relief was barred under the doctrine of laches. *Id.*

In the second, the Pennsylvania Supreme Court declined to exercise original jurisdiction in an action filed September 25 seeking an order that counties may not reject mail ballots during the canvassing based on date errors the voter made on their

ballot-return declaration. *New Pa Project Education Fund v. Schmidt*, 112 MM 2024 (Pa. Oct. 5, 2024) (attached as Exhibit B). The Supreme Court wrote, citing *Purcell v. Gonzalez*, 549 U.S. 1 (2006) and *Crookston v. Johnson*, 841 F.3d 396 (6th Cir. 2016), that it "will neither impose nor countenance substantial alterations to existing laws and procedures during the pendency of an ongoing election."

As these two decisions reflect, it is too late to make the sort of disruptive changes to Pennsylvania's election that plaintiffs here seek. Granting these plaintiffs' requested relief would be even more inappropriate than it would have been in either Pennsylvania case because "plaintiffs [can]not establish[] that the changes are feasible without significant cost, confusion, or hardship." *Merrill v. Milligan*, 142 S.Ct. 879, 881-82 (2022) (Kavanaugh, J., concurring). And it would be especially improper for a federal court to issue relief at this late stage when Pennsylvania courts have repeatedly signaled its too late. *Id.* at 881 ("It is one thing for a State on its own to toy with its election laws close to a State's elections. But it is quite another thing for a federal court to swoop in and re-do a State's election laws in the period close to an election.").

October 6, 2024                              Respectfully submitted,

Kathleen M. Kotula (No. 86321)        /s/ *Jacob B. Boyer*
Kathleen A. Mullen (No. 84604)        _____
Pennsylvania Department of State      Jacob B. Boyer (No. 324396)
306 North Office Bldg.                Stephen R. Kovatis (No. 209495)
401 North Street                      Office of General Counsel
Harrisburg, PA 17120-0500             333 Market Street, 17th Floor
                                      Harrisburg, PA 17101
                                      jacobboyer@pa.gov
                                      (717) 460-6786

*Counsel for Department of State and Secretary of the Commonwealth Al Schmidt*

## <u>CERTIFICATE OF SERVICE</u>

I, Jacob B. Boyer, certify that I have caused all parties to be served on this date with the foregoing via the Court's ECF system.

Date: October 6, 2024

/s/ *Jacob B. Boyer*
Jacob B. Boyer

# Exhibit A

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

REPUBLICAN NATIONAL COMMITTEE    :   No. 108 MM 2024
AND REPUBLICAN PARTY OF             :
PENNSYLVANIA,                           :
                                      :
            Petitioners            :
                                      :
                                      :
            v.                      :
                                      :
                                      :
AL SCHMIDT, IN HIS OFFICIAL CAPACITY   :
AS SECRETARY OF THE              :
COMMONWEALTH, AND ALL 67 COUNTY    :
BOARDS OF ELECTIONS (ADAMS       :
COUNTY BOARD OF ELECTIONS;       :
ALLEGHENY COUNTY BOARD OF       :
ELECTIONS; ARMSTRONG COUNTY      :
BOARD OF ELECTIONS; BEAVER       :
COUNTY BOARD OF ELECTIONS;       :
BEDFORD COUNTY BOARD OF        :
ELECTIONS; BERKS COUNTY BOARD OF   :
ELECTIONS; BLAIR COUNTY BOARD OF    :
ELECTIONS; BRADFORD COUNTY       :
BOARD OF ELECTIONS; BUCKS COUNTY   :
BOARD OF ELECTIONS; BUTLER       :
COUNTY BOARD OF ELECTIONS;       :
CAMBRIA COUNTY BOARD OF        :
ELECTIONS; CAMERON COUNTY BOARD   :
OF ELECTIONS; CARBON COUNTY      :
BOARD OF ELECTIONS; CENTRE       :
COUNTY BOARD OF ELECTIONS;       :
CHESTER COUNTY BOARD OF        :
ELECTIONS; CLARION COUNTY BOARD    :
OF ELECTIONS; CLEARFIELD COUNTY    :
BOARD OF ELECTIONS; CLINTON       :
COUNTY BOARD OF ELECTIONS;       :
COLUMBIA COUNTY BOARD OF        :
ELECTIONS; CRAWFORD COUNTY       :
BOARD OF ELECTIONS; CUMBERLAND    :
COUNTY BOARD OF ELECTIONS;       :
DAUPHIN COUNTY BOARD OF        :
ELECTIONS; DELAWARE COUNTY       :

BOARD OF ELECTIONS; ELK COUNTY          :
BOARD OF ELECTIONS; ERIE COUNTY         :
BOARD OF ELECTIONS; FAYETTE             :
COUNTY BOARD OF ELECTIONS;              :
FOREST COUNTY BOARD OF                  :
ELECTIONS; FRANKLIN COUNTY BOARD        :
OF ELECTIONS; FULTON COUNTY             :
BOARD OF ELECTIONS; GREENE              :
COUNTY BOARD OF ELECTIONS;              :
HUNTINGDON COUNTY BOARD OF              :
ELECTIONS; INDIANA COUNTY BOARD         :
OF ELECTIONS; JEFFERSON COUNTY          :
BOARD OF ELECTIONS; JUNIATA             :
COUNTY BOARD OF ELECTIONS;              :
LACKAWANNA COUNTY BOARD OF              :
ELECTIONS; LANCASTER COUNTY             :
BOARD OF ELECTIONS; LAWRENCE            :
COUNTY BOARD OF ELECTIONS;              :
LEBANON COUNTY BOARD OF                 :
ELECTIONS; LEHIGH COUNTY BOARD OF       :
ELECTIONS; LUZERNE COUNTY BOARD         :
OF ELECTIONS; LYCOMING COUNTY           :
BOARD OF ELECTIONS; MCKEAN              :
COUNTY BOARD OF ELECTIONS;              :
MERCER COUNTY BOARD OF                  :
ELECTIONS; MIFFLIN COUNTY BOARD         :
OF ELECTIONS; MONROE COUNTY             :
BOARD OF ELECTIONS; MONTGOMERY          :
COUNTY BOARD OF ELECTIONS;              :
MONTOUR COUNTY BOARD OF                 :
ELECTIONS; NORTHAMPTON COUNTY           :
BOARD OF ELECTIONS;                     :
NORTHUMBERLAND COUNTY BOARD OF          :
ELECTIONS; PERRY COUNTY BOARD OF        :
ELECTIONS; PHILADELPHIA COUNTY          :
BOARD OF ELECTIONS; PIKE COUNTY         :
BOARD OF ELECTIONS; POTTER              :
COUNTY BOARD OF ELECTIONS;              :
SCHUYLKILL COUNTY BOARD OF              :
ELECTIONS; SNYDER COUNTY BOARD          :
OF ELECTIONS; SOMERSET COUNTY           :
BOARD OF ELECTIONS; SULLIVAN            :
COUNTY BOARD OF ELECTIONS;              :
SUSQUEHANNA COUNTY BOARD OF             :
ELECTIONS; TIOGA COUNTY BOARD OF        :
ELECTIONS; UNION COUNTY BOARD OF        :

ELECTIONS; VENANGO COUNTY BOARD :
OF ELECTIONS; WARREN COUNTY :
BOARD OF ELECTIONS; WASHINGTON :
COUNTY BOARD OF ELECTIONS; WAYNE :
COUNTY BOARD OF ELECTIONS; :
WESTMORELAND COUNTY BOARD OF :
ELECTIONS; WYOMING COUNTY BOARD :
OF ELECTIONS; AND YORK COUNTY :
BOARD OF ELECTIONS), :
                                                                    :
                          Respondents        :

**ORDER**

**PER CURIAM**

AND NOW, this 5th day of October, 2024, Petitioners' Application for the Exercise of King's Bench or Extraordinary Jurisdiction is hereby **DENIED**.  *See Stilp v. Hafer*, 718 A.2d 290, 292 (Pa. 1998) ("Laches .. bars relief when a complaining party is guilty of want of due diligence in failing to promptly institute an action to the prejudice of another.); *Kelly v. Commonwealth*, 240 A.3d 1255 (lack of due diligence demonstrated where action could have been brought at an earlier date and prejudice to voters would result from disruptive late filing).  King's Bench jurisdiction will not be exercised where, as here, the alleged need for timely intervention is created by Petitioners' own failure to proceed expeditiously and thus, the need for timely intervention has not been demonstrated.  *See In re Bruno*, 101 A.3d 635, 670 (2014) ("[T]he Court will generally employ the King's Bench authority when the issue requires timely intervention by the court of last resort of the Commonwealth and is one of public importance.").[1]

---

[1] In September 2022, approximately two months before the General Election, Petitioners filed a petition for review in the Commonwealth Court's original jurisdiction against the acting Secretary of the Commonwealth and all sixty-seven County Boards.  In that case, as here, they challenged the implementation of county-level notice and cure procedures for defective absentee and mail-in ballots.  Ultimately, the Commonwealth Court (continued…)

Further, Petitioners' Application for the Exercise of King's Bench jurisdiction over *Genser v. Butler County Board of Elections*, 1074 & 1085 C.D. 2024, 2024 WL 4051375, *appeal granted in part*, 2024 WL 4248971 (Pa. Sept., 20, 2024), is **DENIED**, as this Court has assumed appellate jurisdiction of that matter.  The Application for Leave to Amend Answer filed by Respondents Allegheny, Bucks, Chester, Montgomery and Philadelphia is **GRANTED**. Petitioners' Application for Relief to File an Exhibit Under Seal and Application for Relief to File Supplemental Response to Application for Leave to Intervene are **DENIED**.  The Applications of Faith A. Genser, Frank P. Matis, Center for Coalfield Justice, Washington Branch NAACP, Bruce Jacobs, Jeffrey Marks, June Devaughn Hython, Erika Worobec, Sanda Macioce, Kenneth Elliott, David Dean, the Democratic National Committee and the Pennsylvania Democratic Party to Intervene are **DISMISSED AS MOOT**.

Justice Brobson files a concurring statement in which Justice Mundy joins.

---

dismissed the action, concluding that it lacked jurisdiction over Petitioners' claims. *Republican Nat'l Comm. v. Schmidt* (Pa. Cmwlth., No. 447 M.D. 2022 at 28, filed March 23, 2023) (unreported decision) (concluding that "jurisdiction for an action challenging a [c]ounty [b]oard's development and implementation of notice and cure procedures properly lies in the respective [c]ounty's court of common pleas.").  Three election cycles have since passed, and the Petitioners have not challenged any of the county notice and cure policies in a court of common pleas.  Petitioners filed their instant Application on September 18, 2024.

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| REPUBLICAN NATIONAL COMMITTEE AND REPUBLICAN PARTY OF PENNSYLVANIA, | : | No. 108 MM 2024 |
| | : | |
| | : | |
| Petitioners | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AL SCHMIDT, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE COMMONWEALTH, AND ALL 67 COUNTY BOARDS OF ELECTIONS (ADAMS COUNTY BOARD OF ELECTIONS; ALLEGHENY COUNTY BOARD OF ELECTIONS; ARMSTRONG COUNTY BOARD OF ELECTIONS; BEAVER COUNTY BOARD OF ELECTIONS; BEDFORD COUNTY BOARD OF ELECTIONS; BERKS COUNTY BOARD OF ELECTIONS; BLAIR COUNTY BOARD OF ELECTIONS; BRADFORD COUNTY BOARD OF ELECTIONS; BUCKS COUNTY BOARD OF ELECTIONS; BUTLER COUNTY BOARD OF ELECTIONS; CAMBRIA COUNTY BOARD OF ELECTIONS; CAMERON COUNTY BOARD OF ELECTIONS; CARBON COUNTY BOARD OF ELECTIONS; CENTRE COUNTY BOARD OF ELECTIONS; CHESTER COUNTY BOARD OF ELECTIONS; CLARION COUNTY BOARD OF ELECTIONS; CLEARFIELD COUNTY BOARD OF ELECTIONS; CLINTON COUNTY BOARD OF ELECTIONS; COLUMBIA COUNTY BOARD OF ELECTIONS; CRAWFORD COUNTY BOARD OF ELECTIONS; CUMBERLAND COUNTY BOARD OF ELECTIONS; DAUPHIN COUNTY BOARD OF ELECTIONS; DELAWARE COUNTY | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : | |

BOARD OF ELECTIONS; ELK COUNTY          :
BOARD OF ELECTIONS; ERIE COUNTY         :
BOARD OF ELECTIONS; FAYETTE             :
COUNTY BOARD OF ELECTIONS;              :
FOREST COUNTY BOARD OF                  :
ELECTIONS; FRANKLIN COUNTY BOARD        :
OF ELECTIONS; FULTON COUNTY             :
BOARD OF ELECTIONS; GREENE              :
COUNTY BOARD OF ELECTIONS;              :
HUNTINGDON COUNTY BOARD OF              :
ELECTIONS; INDIANA COUNTY BOARD         :
OF ELECTIONS; JEFFERSON COUNTY          :
BOARD OF ELECTIONS; JUNIATA             :
COUNTY BOARD OF ELECTIONS;              :
LACKAWANNA COUNTY BOARD OF              :
ELECTIONS; LANCASTER COUNTY             :
BOARD OF ELECTIONS; LAWRENCE            :
COUNTY BOARD OF ELECTIONS;              :
LEBANON COUNTY BOARD OF                 :
ELECTIONS; LEHIGH COUNTY BOARD OF       :
ELECTIONS; LUZERNE COUNTY BOARD         :
OF ELECTIONS; LYCOMING COUNTY           :
BOARD OF ELECTIONS; MCKEAN              :
COUNTY BOARD OF ELECTIONS;              :
MERCER COUNTY BOARD OF                  :
ELECTIONS; MIFFLIN COUNTY BOARD         :
OF ELECTIONS; MONROE COUNTY             :
BOARD OF ELECTIONS; MONTGOMERY          :
COUNTY BOARD OF ELECTIONS;              :
MONTOUR COUNTY BOARD OF                 :
ELECTIONS; NORTHAMPTON COUNTY           :
BOARD OF ELECTIONS;                     :
NORTHUMBERLAND COUNTY BOARD OF          :
ELECTIONS; PERRY COUNTY BOARD OF        :
ELECTIONS; PHILADELPHIA COUNTY          :
BOARD OF ELECTIONS; PIKE COUNTY         :
BOARD OF ELECTIONS; POTTER              :
COUNTY BOARD OF ELECTIONS;              :
SCHUYLKILL COUNTY BOARD OF              :
ELECTIONS; SNYDER COUNTY BOARD          :
OF ELECTIONS; SOMERSET COUNTY           :
BOARD OF ELECTIONS; SULLIVAN            :
COUNTY BOARD OF ELECTIONS;              :
SUSQUEHANNA COUNTY BOARD OF             :
ELECTIONS; TIOGA COUNTY BOARD OF        :
ELECTIONS; UNION COUNTY BOARD OF        :

ELECTIONS; VENANGO COUNTY BOARD :
OF ELECTIONS; WARREN COUNTY :
BOARD OF ELECTIONS; WASHINGTON :
COUNTY BOARD OF ELECTIONS; WAYNE :
COUNTY BOARD OF ELECTIONS; :
WESTMORELAND COUNTY BOARD OF :
ELECTIONS; WYOMING COUNTY BOARD :
OF ELECTIONS; AND YORK COUNTY :
BOARD OF ELECTIONS), :
 :
      Respondents    :

## <u>CONCURRING STATEMENT</u>

**JUSTICE BROBSON**        **FILED:  October 5, 2024**

I agree with the *per curiam* disposition of this matter.  As this Court stated in *New PA Project Education Fund v. Schmidt* (Pa., No. 112 MM 2024, filed Oct. 5, 2024) (PCO), "[t]his Court will neither impose nor countenance substantial alterations to existing laws and procedures during the pendency of an ongoing election."[1]

Petitioners do raise some important questions with respect to the authority of county boards of election to create and implement their own "notice and cure" procedures under the Election Code[2] absent express legislative authority to do so and, if they do, whether the varied "notice and cure" practices and policies from county-to-county violate

---

[1] *See Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006) (per curiam) ("Court orders affecting elections, especially conflicting orders, can themselves result in voter confusion and consequent incentive to remain away from the polls.  As an election draws closer, that risk will increase."); *See also Crookston v. Johnson*, 841 F.3d 396, 398 (6th Cir. 2016) ("Call it what you will—laches, the *Purcell* principle, or common sense—the idea is that courts will not disrupt imminent elections absent a powerful reason for doing so.").

[2] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2601-3556.

Article I, Section 5[3] and/or Article VII, Section 6[4] of the Pennsylvania Constitution.  That said, the 2024 General Election is underway.  Petitioners, however, could have pursued these challenges in a more-timely fashion.  Deciding these questions at this point would, in my view, be highly disruptive to county election administration.  Moreover, I can see the potential need to develop a factual record in this matter, which could prove difficult in the compressed timeframe available to us.

The decision to deny the application, however, does not mean that these important questions should not be decided in advance of future elections.  Petitioners, or anyone else with standing for that matter, may present these challenges after the impending election for consideration by an appropriate court with appropriate parties in the ordinary course.

Justice Mundy joins this concurring statement.

---

[3] "Elections shall be free and equal; and no power, civil or military, shall at any time interfere to prevent the free exercise of the right of suffrage."  Pa. Const. art. I, § 5.

[4] "All laws regulating the holding of elections by the citizens, or for the registration of electors, shall be uniform throughout the State . . . ."  Pa. Const. art. VII, § 6.

# Exhibit B

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| NEW PA PROJECT EDUCATION FUND, NAACP PENNSYLVANIA STATE CONFERENCE, COMMON CAUSE PENNSYLVANIA, LEAGUE OF WOMEN VOTERS OF PENNSYLVANIA, BLACK POLITICAL EMPOWERMENT PROJECT, POWER INTERFAITH, MAKE THE ROAD PENNSYLVANIA, ONE PA ACTIVISTS UNITED, CASA SAN JOSE, AND PITTSBURGH UNITED, | : | No. 112 MM 2024 |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Petitioners | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AL SCHMIDT, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE COMMONWEALTH, AND ALL 67 COUNTY BOARDS OF ELECTIONS (ADAMS COUNTY BOARD OF ELECTIONS; ALLEGHENY COUNTY BOARD OF ELECTIONS; ARMSTRONG COUNTY BOARD OF ELECTIONS; BEAVER COUNTY BOARD OF ELECTIONS; BEDFORD COUNTY BOARD OF ELECTIONS; BERKS COUNTY BOARD OF ELECTIONS; BLAIR COUNTY BOARD OF ELECTIONS; BRADFORD COUNTY BOARD OF ELECTIONS; BUCKS COUNTY BOARD OF ELECTIONS; BUTLER COUNTY BOARD OF ELECTIONS; CAMBRIA COUNTY BOARD OF ELECTIONS; CAMERON COUNTY BOARD OF ELECTIONS; CARBON COUNTY BOARD OF ELECTIONS; CENTRE COUNTY BOARD OF ELECTIONS; CHESTER COUNTY BOARD OF ELECTIONS; CLARION COUNTY BOARD OF ELECTIONS; CLEARFIELD COUNTY BOARD OF ELECTIONS; CLINTON | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |

COUNTY BOARD OF ELECTIONS;                  :
COLUMBIA COUNTY BOARD OF                     :
ELECTIONS; CRAWFORD COUNTY                   :
BOARD OF ELECTIONS; CUMBERLAND               :
COUNTY BOARD OF ELECTIONS;                   :
DAUPHIN COUNTY BOARD OF                      :
ELECTIONS; DELAWARE COUNTY                   :
BOARD OF ELECTIONS; ELK COUNTY               :
BOARD OF ELECTIONS; ERIE COUNTY              :
BOARD OF ELECTIONS; FAYETTE                  :
COUNTY BOARD OF ELECTIONS;                   :
FOREST COUNTY BOARD OF                       :
ELECTIONS; FRANKLIN COUNTY BOARD             :
OF ELECTIONS; FULTON COUNTY                  :
BOARD OF ELECTIONS; GREENE                   :
COUNTY BOARD OF ELECTIONS;                   :
HUNTINGDON COUNTY BOARD OF                   :
ELECTIONS; INDIANA COUNTY BOARD              :
OF ELECTIONS; JEFFERSON COUNTY               :
BOARD OF ELECTIONS; JUNIATA                  :
COUNTY BOARD OF ELECTIONS;                   :
LACKAWANNA COUNTY BOARD OF                   :
ELECTIONS; LANCASTER COUNTY                  :
BOARD OF ELECTIONS; LAWRENCE                 :
COUNTY BOARD OF ELECTIONS;                   :
LEBANON COUNTY BOARD OF                      :
ELECTIONS; LEHIGH COUNTY BOARD OF            :
ELECTIONS; LUZERNE COUNTY BOARD              :
OF ELECTIONS; LYCOMING COUNTY                :
BOARD OF ELECTIONS; MCKEAN                   :
COUNTY BOARD OF ELECTIONS;                   :
MERCER COUNTY BOARD OF                       :
ELECTIONS; MIFFLIN COUNTY BOARD              :
OF ELECTIONS; MONROE COUNTY                  :
BOARD OF ELECTIONS; MONTGOMERY               :
COUNTY BOARD OF ELECTIONS;                   :
MONTOUR COUNTY BOARD OF                      :
ELECTIONS; NORTHAMPTON COUNTY                :
BOARD OF ELECTIONS;                          :
NORTHUMBERLAND COUNTY BOARD OF               :
ELECTIONS; PERRY COUNTY BOARD OF             :
ELECTIONS; PHILADELPHIA COUNTY               :
BOARD OF ELECTIONS; PIKE COUNTY              :
BOARD OF ELECTIONS; POTTER                   :
COUNTY BOARD OF ELECTIONS;                   :
SCHUYLKILL COUNTY BOARD OF                   :

ELECTIONS; SNYDER COUNTY BOARD           :
OF ELECTIONS; SOMERSET COUNTY            :
BOARD OF ELECTIONS; SULLIVAN             :
COUNTY BOARD OF ELECTIONS;               :
SUSQUEHANNA COUNTY BOARD OF              :
ELECTIONS; TIOGA COUNTY BOARD OF         :
ELECTIONS; UNION COUNTY BOARD OF         :
ELECTIONS; VENANGO COUNTY BOARD          :
OF ELECTIONS; WARREN COUNTY              :
BOARD OF ELECTIONS; WASHINGTON           :
COUNTY BOARD OF ELECTIONS; WAYNE         :
COUNTY BOARD OF ELECTIONS;               :
WESTMORELAND COUNTY BOARD OF             :
ELECTIONS; WYOMING COUNTY BOARD          :
OF ELECTIONS; AND YORK COUNTY            :
BOARD OF ELECTIONS),                     :
                                         :
                   Respondents           :

## ORDER

**PER CURIAM**

    **AND NOW,** this 5th day of October, 2024, Petitioners' Application for the Exercise

of King's Bench or Extraordinary Jurisdiction is hereby **DENIED.**  This Court will neither

impose nor countenance substantial alterations to existing laws and procedures during

the pendency of an ongoing election.  *See Crookston v. Johnson*, 841 F.3d 396, 398 (6th

Cir. 2016) ("Call it what you will — laches, the *Purcell*[1] principle, or common sense —

the idea is that courts will not disrupt imminent elections absent a powerful reason for

doing so.").[2]

---

[1] *Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006) (*per curiam*) ("Court orders affecting elections, especially conflicting orders, can themselves result in voter confusion and consequent incentive to remain away from the polls.  As an election draws closer, that risk will increase.").

[2] However, we will continue to exercise our appellate role with respect to lower court decisions that have already come before this Court in the ordinary course.  *See, e.g.*, (continued…)

The application of Republican National Committee and Republican Party of Pennsylvania to intervene is **DISMISSED AS MOOT**.

Justice Brobson files a concurring statement in which Justice Mundy joins.

Justice Donohue files a statement in support of denial in which Justice McCaffery joins.

Chief Justice Todd files a dissenting statement.

---

*Genser v. Butler Cty. Bd. of Elections*, 26 & 27 WAP 2024; *Cntr. for Coalfield Justice v. Washington Cty. Bd. of Elections*, 28 WAP 2024.

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| NEW PA PROJECT EDUCATION FUND, NAACP PENNSYLVANIA STATE CONFERENCE, COMMON CAUSE PENNSYLVANIA, LEAGUE OF WOMEN VOTERS OF PENNSYLVANIA, BLACK POLITICAL EMPOWERMENT PROJECT, POWER INTERFAITH, MAKE THE ROAD PENNSYLVANIA, ONE PA ACTIVISTS UNITED, CASA SAN JOSE, AND PITTSBURGH UNITED, | : | No. 112 MM 2024 |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Petitioners | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AL SCHMIDT, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE COMMONWEALTH, AND ALL 67 COUNTY BOARDS OF ELECTIONS (ADAMS COUNTY BOARD OF ELECTIONS; ALLEGHENY COUNTY BOARD OF ELECTIONS; ARMSTRONG COUNTY BOARD OF ELECTIONS; BEAVER COUNTY BOARD OF ELECTIONS; BEDFORD COUNTY BOARD OF ELECTIONS; BERKS COUNTY BOARD OF ELECTIONS; BLAIR COUNTY BOARD OF ELECTIONS; BRADFORD COUNTY BOARD OF ELECTIONS; BUCKS COUNTY BOARD OF ELECTIONS; BUTLER COUNTY BOARD OF ELECTIONS; CAMBRIA COUNTY BOARD OF ELECTIONS; CAMERON COUNTY BOARD OF ELECTIONS; CARBON COUNTY BOARD OF ELECTIONS; CENTRE COUNTY BOARD OF ELECTIONS; CHESTER COUNTY BOARD OF ELECTIONS; CLARION COUNTY BOARD OF ELECTIONS; CLEARFIELD COUNTY BOARD OF ELECTIONS; CLINTON | : | |

COUNTY BOARD OF ELECTIONS;                    :
COLUMBIA COUNTY BOARD OF                       :
ELECTIONS; CRAWFORD COUNTY                     :
BOARD OF ELECTIONS; CUMBERLAND                 :
COUNTY BOARD OF ELECTIONS;                     :
DAUPHIN COUNTY BOARD OF                        :
ELECTIONS; DELAWARE COUNTY                     :
BOARD OF ELECTIONS; ELK COUNTY                 :
BOARD OF ELECTIONS; ERIE COUNTY                :
BOARD OF ELECTIONS; FAYETTE                    :
COUNTY BOARD OF ELECTIONS;                     :
FOREST COUNTY BOARD OF                         :
ELECTIONS; FRANKLIN COUNTY BOARD               :
OF ELECTIONS; FULTON COUNTY                    :
BOARD OF ELECTIONS; GREENE                     :
COUNTY BOARD OF ELECTIONS;                     :
HUNTINGDON COUNTY BOARD OF                     :
ELECTIONS; INDIANA COUNTY BOARD                :
OF ELECTIONS; JEFFERSON COUNTY                 :
BOARD OF ELECTIONS; JUNIATA                    :
COUNTY BOARD OF ELECTIONS;                     :
LACKAWANNA COUNTY BOARD OF                     :
ELECTIONS; LANCASTER COUNTY                    :
BOARD OF ELECTIONS; LAWRENCE                   :
COUNTY BOARD OF ELECTIONS;                     :
LEBANON COUNTY BOARD OF                        :
ELECTIONS; LEHIGH COUNTY BOARD OF              :
ELECTIONS; LUZERNE COUNTY BOARD                :
OF ELECTIONS; LYCOMING COUNTY                  :
BOARD OF ELECTIONS; MCKEAN                     :
COUNTY BOARD OF ELECTIONS;                     :
MERCER COUNTY BOARD OF                         :
ELECTIONS; MIFFLIN COUNTY BOARD                :
OF ELECTIONS; MONROE COUNTY                    :
BOARD OF ELECTIONS; MONTGOMERY                 :
COUNTY BOARD OF ELECTIONS;                     :
MONTOUR COUNTY BOARD OF                        :
ELECTIONS; NORTHAMPTON COUNTY                  :
BOARD OF ELECTIONS;                            :
NORTHUMBERLAND COUNTY BOARD OF                 :
ELECTIONS; PERRY COUNTY BOARD OF               :
ELECTIONS; PHILADELPHIA COUNTY                 :
BOARD OF ELECTIONS; PIKE COUNTY                :
BOARD OF ELECTIONS; POTTER                     :
COUNTY BOARD OF ELECTIONS;                     :
SCHUYLKILL COUNTY BOARD OF                     :

ELECTIONS; SNYDER COUNTY BOARD      :
OF ELECTIONS; SOMERSET COUNTY       :
BOARD OF ELECTIONS; SULLIVAN        :
COUNTY BOARD OF ELECTIONS;          :
SUSQUEHANNA COUNTY BOARD OF         :
ELECTIONS; TIOGA COUNTY BOARD OF    :
ELECTIONS; UNION COUNTY BOARD OF    :
ELECTIONS; VENANGO COUNTY BOARD     :
OF ELECTIONS; WARREN COUNTY         :
BOARD OF ELECTIONS; WASHINGTON      :
COUNTY BOARD OF ELECTIONS; WAYNE    :
COUNTY BOARD OF ELECTIONS;          :
WESTMORELAND COUNTY BOARD OF        :
ELECTIONS; WYOMING COUNTY BOARD     :
OF ELECTIONS; AND YORK COUNTY       :
BOARD OF ELECTIONS),                :
                                    :
              Respondents           :

## CONCURRING STATEMENT

**JUSTICE BROBSON**                    **FILED:  October 5, 2024**

I join the *per curiam* disposition of this matter.  In *Republican National Committee*
*v. Schmidt*, (Pa., No. 108 MM 2024, filed Oct. 5, 2024) (*RNC*) (PCO), we denied the
application for King's Bench in that matter expressly invoking the equitable doctrine of
laches.  In my respectful view, that same conclusion is warranted here with respect to
Petitioners' Application for Exercise of King's Bench or Extraordinary Jurisdiction
("Application").

This Court issued its opinion on undated and incorrectly dated ballot envelopes in
*Ball v. Chapman*, 289 A.3d 1 (Pa. 2023), in February 2023, definitively concluding:  "*The*
*Election Code commands* absentee and mail-in electors to date the declaration that
appears upon ballot return envelopes, and failure to comply with that command renders
a ballot invalid as a matter of Pennsylvania law."  *Ball*, 289 A.3d at 28 (emphasis added).
Petitioners then, inexplicably, waited over a year—during which time the Commonwealth
conducted a municipal primary, municipal election, and general primary election—to

challenge the envelope dating requirement, as interpreted by this Court in *Ball*, as unconstitutional under the Free and Equal Elections Clause in Article I, Section 5 of the Pennsylvania Constitution.  They first did so in a jurisdictionally deficient petition for review filed in the Commonwealth Court on May 28, 2024.  *See Black Political Empowerment Project v. Schmidt* (Pa., No. 283 M.D. 2024, filed Sept. 19, 2024) (PCO). When that failed, they filed the instant application with this Court on September 25,2024— one week after the petitioners filed their King's Bench application in *RNC*.  Under these circumstances, Petitioners belated requests in their defective petition in the Commonwealth Court and their Application created the very exigency that they now invoke in their Application.  For this reason, I agree that the Application should be denied.

In response to the Chief Justice's dissenting statement, I note that Sections 1306(a) and 1306-D(a) of the Election Code, 25 P.S. §§ 3146.6(a) and 3150.16(a), as recently interpreted by this Court in *Ball*, "are strongly presumed to be constitutional."  *Pa. State Ass'n of Jury Comm'rs v. Commonwealth*, 64 A.3d 611, 618 (Pa. 2013).  The fact that someone or some entity raises a constitutional question about a statute, in light of this strong presumption, does not, in my respectful view, create uncertainty.  *See Commonwealth v. Rollins*, 292 A.3d 873, 879 (Pa. 2023) ("[L]egislative exactments are presumed constitutional, and the party challenging the constitutionality of a statute bears a heavy burden of persuasion.").  To the contrary, it is what has become an all-too-common practice of litigants who postpone seeking judicial relief on election-related matters until the election is underway that creates uncertainty.  Moreover, the ability to develop a record upon which this matter could be decided would be difficult on the compressed timeframe engineered by Petitioners.

This Court's disposition of the King's Bench applications in this matter and in *RNC* should discourage all who look to the courts of the Commonwealth to change the rules in the middle of an ongoing election.

Justice Mundy joins this concurring statement.

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| NEW PA PROJECT EDUCATION FUND, NAACP PENNSYLVANIA STATE CONFERENCE, COMMON CAUSE PENNSYLVANIA, LEAGUE OF WOMEN VOTERS OF PENNSYLVANIA, BLACK POLITICAL EMPOWERMENT PROJECT, POWER INTERFAITH, MAKE THE ROAD PENNSYLVANIA, ONE PA ACTIVISTS UNITED, CASA SAN JOSE, AND PITTSBURGH UNITED, | : | No. 112 MM 2024 |
| | : | |
| Petitioners | : | |
| | : | |
| v. | : | |
| | : | |
| AL SCHMIDT, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE COMMONWEALTH, AND ALL 67 COUNTY BOARDS OF ELECTIONS (ADAMS COUNTY BOARD OF ELECTIONS; ALLEGHENY COUNTY BOARD OF ELECTIONS; ARMSTRONG COUNTY BOARD OF ELECTIONS; BEAVER COUNTY BOARD OF ELECTIONS; BEDFORD COUNTY BOARD OF ELECTIONS; BERKS COUNTY BOARD OF ELECTIONS; BLAIR COUNTY BOARD OF ELECTIONS; BRADFORD COUNTY BOARD OF ELECTIONS; BUCKS COUNTY BOARD OF ELECTIONS; BUTLER COUNTY BOARD OF ELECTIONS; CAMBRIA COUNTY BOARD OF ELECTIONS; CAMERON COUNTY BOARD OF ELECTIONS; CARBON COUNTY BOARD OF ELECTIONS; CENTRE COUNTY BOARD OF ELECTIONS; CHESTER COUNTY BOARD OF ELECTIONS; CLARION COUNTY BOARD OF ELECTIONS; CLEARFIELD COUNTY BOARD OF ELECTIONS; CLINTON | : | |

COUNTY BOARD OF ELECTIONS;                        :
COLUMBIA COUNTY BOARD OF                          :
ELECTIONS; CRAWFORD COUNTY                        :
BOARD OF ELECTIONS; CUMBERLAND                    :
COUNTY BOARD OF ELECTIONS;                        :
DAUPHIN COUNTY BOARD OF                           :
ELECTIONS; DELAWARE COUNTY                        :
BOARD OF ELECTIONS; ELK COUNTY                    :
BOARD OF ELECTIONS; ERIE COUNTY                   :
BOARD OF ELECTIONS; FAYETTE                       :
COUNTY BOARD OF ELECTIONS;                        :
FOREST COUNTY BOARD OF                            :
ELECTIONS; FRANKLIN COUNTY BOARD                  :
OF ELECTIONS; FULTON COUNTY                       :
BOARD OF ELECTIONS; GREENE                        :
COUNTY BOARD OF ELECTIONS;                        :
HUNTINGDON COUNTY BOARD OF                        :
ELECTIONS; INDIANA COUNTY BOARD                   :
OF ELECTIONS; JEFFERSON COUNTY                    :
BOARD OF ELECTIONS; JUNIATA                       :
COUNTY BOARD OF ELECTIONS;                        :
LACKAWANNA COUNTY BOARD OF                        :
ELECTIONS; LANCASTER COUNTY                       :
BOARD OF ELECTIONS; LAWRENCE                      :
COUNTY BOARD OF ELECTIONS;                        :
LEBANON COUNTY BOARD OF                           :
ELECTIONS; LEHIGH COUNTY BOARD OF                 :
ELECTIONS; LUZERNE COUNTY BOARD                   :
OF ELECTIONS; LYCOMING COUNTY                     :
BOARD OF ELECTIONS; MCKEAN                        :
COUNTY BOARD OF ELECTIONS;                        :
MERCER COUNTY BOARD OF                            :
ELECTIONS; MIFFLIN COUNTY BOARD                   :
OF ELECTIONS; MONROE COUNTY                       :
BOARD OF ELECTIONS; MONTGOMERY                    :
COUNTY BOARD OF ELECTIONS;                        :
MONTOUR COUNTY BOARD OF                           :
ELECTIONS; NORTHAMPTON COUNTY                     :
BOARD OF ELECTIONS;                               :
NORTHUMBERLAND COUNTY BOARD OF                    :
ELECTIONS; PERRY COUNTY BOARD OF                  :
ELECTIONS; PHILADELPHIA COUNTY                    :
BOARD OF ELECTIONS; PIKE COUNTY                   :
BOARD OF ELECTIONS; POTTER                        :
COUNTY BOARD OF ELECTIONS;                        :
SCHUYLKILL COUNTY BOARD OF                        :

ELECTIONS; SNYDER COUNTY BOARD                        :
OF ELECTIONS; SOMERSET COUNTY                        :
BOARD OF ELECTIONS; SULLIVAN                         :
COUNTY BOARD OF ELECTIONS;                           :
SUSQUEHANNA COUNTY BOARD OF                          :
ELECTIONS; TIOGA COUNTY BOARD OF                     :
ELECTIONS; UNION COUNTY BOARD OF                     :
ELECTIONS; VENANGO COUNTY BOARD                      :
OF ELECTIONS; WARREN COUNTY                          :
BOARD OF ELECTIONS; WASHINGTON                       :
COUNTY BOARD OF ELECTIONS; WAYNE                     :
COUNTY BOARD OF ELECTIONS;                           :
WESTMORELAND COUNTY BOARD OF                         :
ELECTIONS; WYOMING COUNTY BOARD                      :
OF ELECTIONS; AND YORK COUNTY                        :
BOARD OF ELECTIONS),                                 :
                                                     :
              Respondents                            :

## STATEMENT IN SUPPORT OF DENIAL

**JUSTICE DONOHUE**                          **FILED:  October 5, 2024**

There are two cases pending on this Court's election docket[1] that, depending on our resolution, may impact the extent of the disenfranchisement of voters who do not date, or incorrectly date, the outer envelopes of their mail-in ballots.  This King's Bench petition presents a challenge to the constitutionality of a provision of the Election Code as interpreted by this Court in *Ball v. Chapman*, 289 A.3d 1 (Pa. 2023), that mandates this disenfranchisement.  Petitioners contend that, as interpreted, that statutory provision violates Article I, Section 5[2] of our Charter because it needlessly deprives voters of a

---

[1]  *Genser v. Butler Cnty. Bd. of Elections*, 26 & 27 WAP 2024; *Center for Coalfield Justice v. Washington Cnty.*, 259 WAL 2024.

[2]  "Elections shall be free and equal; and no power, civil or military, shall at any time interfere to prevent the free exercise of the right of suffrage."  PA. CONST. art. I, § 5.

voice in an election when they make this mistake when filling out the outer envelopes containing their mail-in ballots.

Considering whether to declare an act of the General Assembly unconstitutional is serious business.  It requires an analysis of the statute as a whole.  Decisions in the pending cases may be critical in any such analysis.  In my view, it is inappropriate to grant King's Bench jurisdiction in this matter when the legal landscape may be in flux.  When embarking on considering a challenge to the constitutionality of a statute, we must be standing on firm terrain.  We currently are not, and therefore, I believe it is necessary to deny this King's Bench petition.  Time will tell if there is a future challenge, in the ordinary course, in a court of common pleas.

Justice McCaffery joins this statement in support of denial.

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

NEW PA PROJECT EDUCATION FUND,         :   No. 112 MM 2024
NAACP PENNSYLVANIA STATE               :
CONFERENCE, COMMON CAUSE               :
PENNSYLVANIA, LEAGUE OF WOMEN          :
VOTERS OF PENNSYLVANIA, BLACK          :
POLITICAL EMPOWERMENT PROJECT,         :
POWER INTERFAITH, MAKE THE ROAD        :
PENNSYLVANIA, ONE PA ACTIVISTS         :
UNITED, CASA SAN JOSE, AND             :
PITTSBURGH UNITED,                     :
                                       :
              Petitioners              :
                                       :
                                       :
              v.                       :
                                       :
                                       :
AL SCHMIDT, IN HIS OFFICIAL CAPACITY   :
AS SECRETARY OF THE                    :
COMMONWEALTH, AND ALL 67 COUNTY        :
BOARDS OF ELECTIONS (ADAMS             :
COUNTY BOARD OF ELECTIONS;             :
ALLEGHENY COUNTY BOARD OF              :
ELECTIONS; ARMSTRONG COUNTY            :
BOARD OF ELECTIONS; BEAVER             :
COUNTY BOARD OF ELECTIONS;             :
BEDFORD COUNTY BOARD OF                :
ELECTIONS; BERKS COUNTY BOARD OF       :
ELECTIONS; BLAIR COUNTY BOARD OF       :
ELECTIONS; BRADFORD COUNTY             :
BOARD OF ELECTIONS; BUCKS COUNTY       :
BOARD OF ELECTIONS; BUTLER             :
COUNTY BOARD OF ELECTIONS;             :
CAMBRIA COUNTY BOARD OF                :
ELECTIONS; CAMERON COUNTY BOARD        :
OF ELECTIONS; CARBON COUNTY            :
BOARD OF ELECTIONS; CENTRE             :
COUNTY BOARD OF ELECTIONS;             :
CHESTER COUNTY BOARD OF                :
ELECTIONS; CLARION COUNTY BOARD        :
OF ELECTIONS; CLEARFIELD COUNTY        :
BOARD OF ELECTIONS; CLINTON            :

COUNTY BOARD OF ELECTIONS;                    :
COLUMBIA COUNTY BOARD OF                        :
ELECTIONS; CRAWFORD COUNTY                      :
BOARD OF ELECTIONS; CUMBERLAND                  :
COUNTY BOARD OF ELECTIONS;                       :
DAUPHIN COUNTY BOARD OF                            :
ELECTIONS; DELAWARE COUNTY                        :
BOARD OF ELECTIONS; ELK COUNTY                   :
BOARD OF ELECTIONS; ERIE COUNTY                  :
BOARD OF ELECTIONS; FAYETTE                         :
COUNTY BOARD OF ELECTIONS;                        :
FOREST COUNTY BOARD OF                             :
ELECTIONS; FRANKLIN COUNTY BOARD                :
OF ELECTIONS; FULTON COUNTY                        :
BOARD OF ELECTIONS; GREENE                         :
COUNTY BOARD OF ELECTIONS;                        :
HUNTINGDON COUNTY BOARD OF                       :
ELECTIONS; INDIANA COUNTY BOARD                  :
OF ELECTIONS; JEFFERSON COUNTY                   :
BOARD OF ELECTIONS; JUNIATA                          :
COUNTY BOARD OF ELECTIONS;                        :
LACKAWANNA COUNTY BOARD OF                      :
ELECTIONS; LANCASTER COUNTY                       :
BOARD OF ELECTIONS; LAWRENCE                     :
COUNTY BOARD OF ELECTIONS;                        :
LEBANON COUNTY BOARD OF                            :
ELECTIONS; LEHIGH COUNTY BOARD OF             :
ELECTIONS; LUZERNE COUNTY BOARD              :
OF ELECTIONS; LYCOMING COUNTY                    :
BOARD OF ELECTIONS; MCKEAN                         :
COUNTY BOARD OF ELECTIONS;                        :
MERCER COUNTY BOARD OF                             :
ELECTIONS; MIFFLIN COUNTY BOARD                 :
OF ELECTIONS; MONROE COUNTY                       :
BOARD OF ELECTIONS; MONTGOMERY               :
COUNTY BOARD OF ELECTIONS;                        :
MONTOUR COUNTY BOARD OF                           :
ELECTIONS; NORTHAMPTON COUNTY                 :
BOARD OF ELECTIONS;                                     :
NORTHUMBERLAND COUNTY BOARD OF            :
ELECTIONS; PERRY COUNTY BOARD OF             :
ELECTIONS; PHILADELPHIA COUNTY                  :
BOARD OF ELECTIONS; PIKE COUNTY                 :
BOARD OF ELECTIONS; POTTER                          :
COUNTY BOARD OF ELECTIONS;                        :
SCHUYLKILL COUNTY BOARD OF                       :

ELECTIONS; SNYDER COUNTY BOARD :
OF ELECTIONS; SOMERSET COUNTY :
BOARD OF ELECTIONS; SULLIVAN :
COUNTY BOARD OF ELECTIONS; :
SUSQUEHANNA COUNTY BOARD OF :
ELECTIONS; TIOGA COUNTY BOARD OF :
ELECTIONS; UNION COUNTY BOARD OF :
ELECTIONS; VENANGO COUNTY BOARD :
OF ELECTIONS; WARREN COUNTY :
BOARD OF ELECTIONS; WASHINGTON :
COUNTY BOARD OF ELECTIONS; WAYNE :
COUNTY BOARD OF ELECTIONS; :
WESTMORELAND COUNTY BOARD OF :
ELECTIONS; WYOMING COUNTY BOARD :
OF ELECTIONS; AND YORK COUNTY :
BOARD OF ELECTIONS), :
                                                         :
                    Respondents               :

## DISSENTING STATEMENT

**CHIEF JUSTICE TODD**                    **FILED:  October 5, 2024**

I respectfully dissent from the majority's decision not to exercise our Court's King's

Bench power in this matter.  In my view, it is imperative that we exercise our King's Bench

power and decide this matter now.  The issue before us is of grave importance:  whether

invalidation of a voter's absentee or mail-in ballot – which is timely received, but lacks a

handwritten date, or has an incorrect date, on the ballot return envelope – violates the

Free and Equal Elections Clause of our Constitution.[1]  Our county boards of elections,

the Secretary of State, the courts of this Commonwealth who are tasked with adjudicating

election matters in the first instance, and the voters themselves need clarity on this issue

---

[1]  This provision states: "Elections shall be free and equal; and no power, civil or military, shall at any time interfere to prevent the free exercise of the right of suffrage."  Pa. Const. art. 1, § 5.

prior to Election Day when ballots will be canvassed.  We ought to resolve this important constitutional question now, before ballots may be improperly rejected and voters disenfranchised.[2]

Our Court's King's Bench authority[3] is to be used sparingly, but we will invoke it when necessary to "review an issue of public importance that requires timely intervention by [our Court] to avoid the deleterious effects arising from delays incident to the ordinary

---

[2]  In his concurring statement, Justice Brobson discounts the existence of uncertainty over the constitutional question presented, but disregards two facts.  First, our Court has never adjudicated the present constitutional question.  In *Ball v. Chapman*, 289 A.3d 1 (Pa. 2023), we held, *as a matter of statutory interpretation*, that the Election Code requires a voter to supply a date on the ballot return envelope.  *Id.* at 23 (holding that county boards of election have authority under the Code to evaluate whether the date "fall[s] within the date ranges derived from statutes indicating when it is possible to send out mail-in and absentee ballots.").  We did not address the constitutional claim now raised by Petitioners. Notably, however, three Justices of an evenly divided Court, in discussing whether these requirements violated the "materiality" provision of the Federal Voting Rights Act, 52 U.S.C. § 10101(a)(2)(B), suggested that the "failure to comply with the date requirement would not compel the discarding of votes in light of the Free and Equal Elections Clause, and our attendant jurisprudence that ambiguities are resolved in a way that will enfranchise, rather than disenfranchise, the electors of this Commonwealth."  *Id.* at 27 n.156.

Second, very recently, the Commonwealth Court found in favor of challengers raising the identical constitutional question Petitioners present herein.  *See Black Political Empowerment Project v. Schmidt*, 2024 WL 4002321, *1 (Pa. Cmwlth filed Aug. 30, 2024) (unpublished memorandum) ("[T]he dating provisions serve no compelling government interest.  The refusal to count undated or incorrectly dated but timely mail ballots submitted by otherwise eligible voters because of meaningless and inconsequential paperwork errors violates the fundamental right to vote recognized in the free and equal elections clause.").  We vacated that decision on jurisdictional grounds, without addressing the merits of the constitutional question.  *Black Political Empowerment Project v. Schmidt*, 2024 WL 4181592 (Pa. filed Sept. 13, 2024) (order).

In my view, these cases amply demonstrate continued uncertainty in this area of the law.

[3]  42 Pa.C.S. § 502 (codifying our King's Bench power "to minister justice to all persons and to exercise the powers of the court, as fully and amply, to all intents and purposes, as the justices of the Court of King's Bench, Common Pleas and Exchequer, at Westminster, or any of them, could or might do on May 22, 1722.").

process of law." *Commonwealth v. Williams*, 129 A.3d 1199, 1206 (Pa. 2015).  Further, when an issue broadly and significantly impacts the public, and fuels widespread concern for the issue's expeditious resolution, that weighs heavily in favor of our exercise of this power.  *See, e.g., Friends of Danny Devito v. Wolf*, 227 A.3d 872 (Pa. 2020).

Here, the issue concerns the fundamental right to vote, a matter of the utmost importance to every Pennsylvanian.  There are potentially substantial deleterious consequences of leaving this issue unresolved at present, because of the possibility it will result in the disenfranchisement of voters who have timely returned their ballots, but who failed to date, or provided an erroneous date, on the return envelope.  Moreover, post-election challenges by voters whose ballots have been rejected on this basis have the potential to disrupt the orderly administration of the electoral process.

While I recognize time is short, and that resolving constitutional questions is delicate and difficult, our Court has considered such questions in the past and rendered comprehensive resolutions expeditiously, and we are eminently capable of doing so in this instance.  Where, as here, the issue concerns the fundamental right to vote, and where the consequences of inaction risk undermining the electoral process, I deem it imperative to act now.