IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORNEL WEST AND MELINA ABDULLAH, GERALDINE TUNSTALLE, KATHERINE HOPKINS-BOT, AND CHARLES HIER,<br><br>          Plaintiffs,<br><br>  v.<br><br>PENNSYLVANIA DEPARTMENT OF STATE AND AL SCHMIDT, IN HIS CAPACITY AS SECRETARY OF THE COMMONWEALTH,<br><br>          Defendants. | No. 2:24-cv-01349<br><br>(*filed electronically*) |

### AFFIDAVIT OF PAUL MICHAEL HAMRICK

Pursuant to 28 U.S.C § 1746, I, Paul Michael Hamrick, certify as follows.

1. My name is Paul Michael Hamrick, I have been a member in good standing with the Alabama State Bar for the last 30 years and am currently a resident of Alabama. I have represented the nonprofit, People Over Party (POP) for approximately 1 year.  POP informs and educates the public on the requirements for third parties and independent candidates to gain ballot access.  One of the roles I filled was reviewing applicable law to determine the requirements within a state to for gaining ballot access.  Each state has different set of rules to gain ballot access for third parties and independent candidates than those applied to the two major parties.

1.     I am familiar with the petitioning requirements in the state of Pennsylvania.  The disparity in requirements on electors for third parties and independent candidates versus the two main parties is significant and is not limited to additional paperwork.  Differences include, but is not limited to being subjected to earlier filing deadlines, specific requirements to be an elector, such as non affiliation with a major party and, a multi-step process for attempting to substitute electors.  One of the complicating factors for qualifying West electors is the early deadline meant that one of the major parties had not yet identified its candidate.

2.     I am familiar with the process for identifying electors for Dr. West in Pennsylvania.  The involvement of POP in this effort was on advising electors on compliance.  Since electors had to be chosen at such an early date and their names included on the petition form before any signatures could be gathered, it resulted in individuals being identified or "locked in" for a longer period of time than those of the major parties.  The longer period of time allowed for events in the normal course of life to occur.  One elector was forced to relocate to another state to care for a terminally ill family member, another was forced to spend am extended time in central America and for all practical purposes, was unreachable.  Another elector became homeless after a family disagreement.  If the electors for Dr. West had been subject to the same rules the state of Pennsylvania gives the two major parties, none of the issues would have existed and if they occurred would be easily resolved.

3.     After more than the required number of petition signatures were submitted to the State of Pennsylvania, efforts to contact electors for yet another

round of paperwork, that was not required of the two major parties, brought to light the difficulties created by the early deadlines.

4. In addition, to locating the electors, they had to be provided with the correct paperwork to execute and often included the additional complication of being notarized. The state of Pennsylvania does not recognize online notaries, so electors had to locate and often pay for notarization. In the hostile election environment that exists today, some electors were suspicious that additional paperwork could have been for the purpose of scamming them.

5. The early deadline for independent candidates and third parties, the process had to be completed before petitioning can begin, resulted in several West electors being difficult to reach regardless of the efforts undertaken. These efforts included telephone calls, texts, email and sending individuals to the electors' residences. Over time, phone numbers had changed, some individuals relocated and many were understandably mistrusting of email and text contact.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on October 7, 2024

_____

Paul Michael Hamrick