# IN THE SUPREME COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| AUTUMN WILLIAMS, ABRAHAM DARAMAY, and JONATHAN MARK DANIELS, | : : : : : | |
| *Appellants,* | : : | |
| v. | : : : | No. 25 WAP 2024 |
| PENNSYLVANIA DEPARTMENT OF STATE and AL SCHMIDT, IN HIS CAPACITY AS SECRETARY OF THE COMMONWEALTH, | : : : : : : | |
| *Appellees.* | : | |

## APPLICATION FOR LEAVE TO INTERVENE OF CORNEL WEST AND MELINA ABDULLAH

Cornel West ("**West**") and Melina Abdullah ("**Abdullah**") (collectively, "**Applicants**") through their counsel, McNees Wallace & Nurick LLC, submit this Application for Leave to Intervene as co-Appellants under Pennsylvania Rules of Civil Procedure 2326 through 2329 and, in support, assert as follows:

### I.   FACTUAL & PROCEDURAL BACKGROUND

1. West is a United States citizen and a resident of Orange County, California. West is a candidate for President of the United States. He is seeking access to the Pennsylvania ballot for the November 5, 2024 General Election.

2. Abdullah is a United States citizen and a resident of Los Angeles County, California. Abdullah is a candidate for Vice-President of the United States.

She is seeking access to the Pennsylvania ballot for the November 5, 2024 General Election.

3. West and Abdullah are candidates for the office of the President and Vice-President of the United States, respectively. Thus, they seek access to the Pennsylvania ballot for the November 5, 2024, General Election through the Justice for All political body. Their campaign is registered with the Federal Election Commission.[1]

4. On July 11, West and Abdullah timely filed their nomination papers ("**West/Abdullah Nomination Papers**") with Appellees. The West/Abdullah Nomination Papers concern West's campaign for President and Abdullah's campaign for Vice President.

5. On the same day, Appellees issued to a campaign representative a notice that the Department "did not receive a valid candidate's affidavit."[2]

---

[1] FEC Identification Number C00843508.

[2] Although the notice is addressed to West at his residence, Appellees do not allege that they mailed the "notice" or otherwise notified West or Abdullah of their decision to not accept the West/Abdullah Nomination Papers. *See*, *e.g.*, Resp'ts Answer and New Matter ¶¶ 136, 138; Exhibits 2, 4, 5. The most Appellees allege is that "staff" left a voicemail "at the number provided on [West's] candidate's affidavit." *Id.* ¶ 141. But Appellees do not say when they called. They do not identify who called. They do not identify the phone number. And they do not say what was the substance of the voicemail.

The July 11 notice does not state that the candidate's affidavits must be delivered in person. *See id.* ¶ 136; Exhibit 2. Neither do the two July 30 "additional pending notices." *See id.* ¶ 141; Exhibit 4.

6. On August 1, Appellees rejected the West/Abdullah Nomination Papers because they did not contain the affidavits of nineteen presidential electors.

7. One day later, on August 2, Appellees emailed the campaign—not West, not Abdullah—with the rejection notice.

8. According to Appellees, the August 1 rejection notice was delivered to West via USPS five days later—August 6.[3] Appellees have not provided proof of delivery or proof of receipt, nor do they identify to what address the notice was sent.

9. Then, on August 7, Appellants' counsel followed up on their not-responded-to August 1 email and cautioned the Department of State's chief counsel of the specter of litigation over the West/Abdullah Nomination Papers.

10. On August 8—*seven days* after first being contacted by Appellants' counsel—the Department of State's chief counsel responded to Appellants' counsel.

11. On August 15, Appellants—registered Pennsylvania voters who have agreed to serve as presidential electors for West and Abdullah—initiated this action by filing a Petition for Review in the Commonwealth Court seeking declaratory and injunctive relief concerning the West/Abdullah Nomination Papers.[4]

12. The same day, the Commonwealth Court ordered Appellees to answer the Petition for Review by August 19. In the same Order, the Commonwealth Court

---

[3] *Id.* ¶ 145.
[4] Docketed at 394 MD 2024.

ordered the parties to file applications for summary relief by August 21 and reply briefs by August 22 at 3:00 PM.

13. The next day, August 16, the Commonwealth Court made the deadlines even stricter: Appellees' answer by August 19 at noon and applications for summary relief by August 20 at 2:00 PM.

14. Appellees filed an answer with new matter on August 19.

15. One day later, August 20, Appellants and Appellees each filed applications for summary relief and supporting briefs.

16. The next day, August 21, Appellees filed a reply brief; Appellants did not.

17. Applicants engaged undersigned counsel on August 22.[5]

18. Next, on August 23 the Commonwealth Court issued an opinion that (i) granted Appellees' Application for Summary Relief; (ii) denied Appellants' Application for Summary Relief; and (iii) dismissed Appellants' Petition for Review in the Nature of Mandamus and Declaratory Judgment.

---

[5] Before engaging undersigned counsel on August 22, Applicants were not represented by counsel in connection with the West/Abdullah Nomination Papers and Appellees' rejection of them.

19. Through undersigned counsel, Applicants were preparing to file an Application for Leave to Intervene on August 23. But this was scuttled by the Commonwealth Court's opinion, which was posted to the docket before 2:00 PM.[6]

20. Appellees filed a Notice of Appeal on August 27, appealing the Commonwealth Court's August 23 order which, among other things, granted Appellees' Application for Summary Relief.

21. Applicants now file this Application for Leave to Intervene.

22. Applicants adopt by reference in whole the Petition for Review. *See* Pa.R.Civ.P. 2328(a).

---

[6] In its opinion, the Commonwealth Court denied Appellants' Application for Summary Relief and dismissed Appellants' Petition for Review in the Nature of Mandamus and Declaratory Judgment mainly on the doctrine of laches. *Williams v. Pa. Dep't of State*, 2024 WL 3912684, at *5–6 (Pa. Cmwlth., No. 394 M.D. 2024, filed Aug. 23, 2024). Although not addressed by the Commonwealth Court, Applicants have not exhibited a "want of due diligence" in filing their application for leave to intervene. *Sprague v. Casey*, 550 A.2d 184, 187 (Pa. 1988). On July 11, 2024, Appellants were informed that their Nomination Papers would not be accepted. *Id.* at *5. That is the earliest possible date Applicants would have known of a basis to intervene or separately petition. Even assuming Applicants could have acted on July 12—which they could not have because they did not yet have counsel—the time between then and the Commonwealth Court's opinion was forty-two days.

In prior cases, courts have not applied laches where there have been delays of months or years. For example, the Commonwealth Court has found that laches did not bar a party's action where there was a two-year delay, *McLinko v. Dep't of State*, 270 A.3d 1243, 1269–70 (Pa. Cmwlth.), *aff'd in part and rev'd in part*, 279 A.3d 539 (Pa. 2022); where there was a two-month delay, *Bonner v. Chapman*, 298 A.3d 153, 164–65 (Pa. Cmwlth. 2023); and, again, where there was a two-month delay, *In re Upper Chichester Twp.*, 415 A.2d 1250, 1252 (Pa. Cmwlth. 1980). Similarly, this Court has found that laches did not bar an action where there was a months-long delay. *Sprague*, 550 A.2d at 188. Applying laches here—where the delay is a matter of days— would be anomalous and unjustifiably prejudice Applicants' constitutional rights. *See* Resp'ts Answer and New Matter ¶ 161 (stating that Applicants have "a legally cognizable interest" in the relief Appellants seek because Appellants' requested relief relates to West's and Abdullah's access to the ballot); *see also* Resp'ts Br. at 35 (asserting that Applicants are indispensable parties).

## II.   ARGUMENT

23.   Applicants are entitled to intervene under Pennsylvania Rule of Civil Procedure 2327 for at least three reasons. *One*: because Applicants could have joined or could have been joined as an original party; *two*: this action affects Applicants' constitutional rights; and *three*: there is no viable basis to deny intervention.

24.   The standards governing intervention are set forth in Pennsylvania Rule of Civil Procedure 2327,[7] which provides the following:

> At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if[:] . . .
>
> (3) such person could have joined as an original party in the action or could have been joined therein; or
>
> (4) the determination of such action *may affect* any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action.

Pa.R.Civ.P. 2327 (emphasis added).

25.   Under Pennsylvania law, a proposed intervenor has an absolute right to intervene in a legal proceeding if it satisfies any one of the categories enumerated in Rule 2327 and none of the circumstances described in Rule 2329 are present. Pa.R.Civ.P. 2327; Pa.R.Civ.P. 2329; *see also Larock v. Sugarloaf Twp. Zoning Hearing Bd.*, 740 A.2d 308, 313 (Pa. Cmwlth. 1999).

---

[7] The Pennsylvania Rules of Civil Procedure are made applicable in this action by Pennsylvania Rule of Appellate Procedure 106, Pa.R.A.P. 106.

6

26. In other words, intervention is mandatory where the proposed intervenor satisfies any one of the four bases set forth in Rule 2327 and none of the circumstances in Rule 2329 are present. *Larock*, 740 A.2d at 313 ("Considering Rules 2327 and 2329 together, the effect of Rule 2329 is that if the petitioner is a person within one of the classes described in Rule 2327, the allowance of intervention is mandatory, not discretionary, unless one of the grounds for refusal under Rule 2329 is present.").

27. Generally, intervention may not be denied without a hearing, "unless it is apparent on the face of the petition that the requirements for intervention have not been met[.]" *Wexford Science*, 260 A.3d at 329; *see also*, *e.g.*, *Hayes v. Sch. Dist. of Pittsburgh*, 381 A.2d 193, 194 (Pa. Cmwlth. 1977) (analyzing Rules 2327 and 2329 and concluding that "reading the rules together, it is clear a hearing must be held"); *accord Phila. Facilities Mgmt. Corp. v. Beister*, 408 A.2d 1095, 1096 (Pa. 1979) (holding that a putative intervenor must be afforded a hearing).

28. Indeed, only in rare circumstances, such as where intervention was sought after entry of a final decree, is it appropriate to deny a petition for intervention without a hearing. *See Wexford Science*, 260 A.3d at 326–27 (surveying the caselaw on the subject and discussing the limited exception to the hearing requirement).

29. Accordingly, Applicants respectfully request that this Court schedule a hearing on this application. Applicants are prepared to make the necessary arrangements to ensure full compliance with an expedited schedule.

**A.   Applicants Could Have Joined as Original Parties.**

30. Applicants satisfy the requirements of Rule 2327(3) because they could have joined as original parties in the action because of their legally enforceable interest in the requested relief.

31. The West/Abdullah Nomination Papers are of a piece with Applicants' ability to access the Pennsylvania ballot for the November 5, 2024 General Election and their supporters' rights to vote for Applicants. In other words, if the Papers are not accepted or approved, Applicants will not have access to the Pennsylvania ballot which means their Pennsylvania supporters cannot vote for them.

**B.   Applicants' Constitutional Rights Are Affected.**

32. Applicants have a right to intervene under Rule 2327(4), because they possess a legally enforceable interest in this action.

33. Applicants have a direct, tangible interest in the outcome of this litigation because Appellees' failure to accept or approve the West/Abdullah Nomination Papers has adversely impacted Applicants' statutory and constitutional rights to ballot access.

34. Indeed, Appellees agree. *See* Resp'ts Answer and New Matter ¶ 161; *see also* Resp'ts Br. at 35 (asserting that Applicants are indispensable parties).

35. The Commonwealth Court has explained that in order "[t]o intervene, the prospective intervenor must first establish that [it] has standing." *Krasner v. Henry*, __ A.3d__, __, No. 8 M.D. 2024, 2024 WL 2983919, at *5 (Pa. Cmwlth. June 14, 2024) (*en banc*) (quoting *Allegheny Reprod. Health Ctr. v. Pa. Dep't of Hum. Servs.*, 309 A.3d 808, 843 (Pa. 2024) (footnote omitted), (citing *Markham v. Wolf*, 136 A.3d 134, 140 (Pa. 2016))).

36. "[F]or a party to a legal action to have standing, they must be aggrieved or 'negatively impacted in some real and direct fashion.'" *Id.* at *5 (quoting *Allegheny Reprod. Health Ctr.*, 309 A.3d at 844).

37. Applicants have standing. The West/Abdullah Nomination Papers directly impact Applicants, as the paperwork is the legal vehicle by which Applicants can obtain access to the Pennsylvania ballot for the November 5, 2024 General Election.

38. And Applicants have been aggrieved by Appellees' unlawful refusal to accept and/or approve the West/Abdullah Nomination Papers—based on a textually unsupportable and constitutionally infirm interpretation of section 951 of the Pennsylvania Election Code.

9

## C.     There is No Viable Basis to Deny Intervention.

39. Under Pa.R.Civ.P. 2329, there is no viable basis to deny intervention.

40. An application for leave to intervene may be denied only in the following narrow circumstances:

> (1) the claim or defense of the petitioner is not in subordination to and in recognition of the propriety of the action; or (2) the interest of the petitioner is already adequately represented; or (3) the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties.

Pa.R.Civ.P. 2329.

41. The Commonwealth Court has long held that "if the petitioner is a person within one of the classes described in Rule 2327, the allowance of intervention is mandatory, not discretionary, unless one of the grounds for refusal under Rule 2329 is present." *In re Phila. Health Care Tr.*, 872 A.2d 258, 261 (Pa. Cmwlth. 2005).

42. *First*, Applicants' claim is in subordination to and in recognition of the propriety of the action, as they do not seek to intervene "merely to review what the court has done and to require demonstration of the legality and propriety of its action." *Com. ex rel. Chidsey v. Keystone Mut. Cas. Co.*, 76 A.2d 867, 870 (Pa. 1950)

43. *Second*, Applicants' interests are not adequately represented by named Appellants. *See* Pa.R.Civ.P. 2329(2).

10

44. As the Department recognizes, *see supra* ¶ 34, Appellants'—as Applicants' prospective presidential electors—interests differ from Applicants' interests. That is to say, Appellants assert their rights as voters and prospective presidential electors. But Applicants seek access to the ballot. And so Applicants' interests are distinct from those of Appellants. *See Peifer v. Colerain Twp. Zoning Hearing Bd.*, 302 A.3d 811, 818–19 (Pa. Cmwlth. 2023) (holding that intervention should have been permitted where the proposed intervenor's interests were broader than those of the existing parties).

45. Furthermore, "Rule 2329(2) requires not just that the intervenor's interest be shared by an existing party, but that the existing party adequately and effectively represent that interest throughout the entire course of the litigation." *Id.* (citing *Wexford Sci. and Tech., LLC v. City of Pittsburgh Zoning Bd. of Adjustment*, 260 A.3d 316, 325–26 (Pa. Cmwlth. 2021)).

46. Applicants already have distinct interests from Appellants. *See supra* ¶ 34. So it is likely that their interests will vary from Appellants' interests in the future, and, thus, it would be inappropriate to deny intervention based on any supposed adequacy of representation. *See id.*; *see also Grant v. Zoning Hearing Bd. of the Twp. of Penn*, 776 A.2d 356, 360 (Pa. Cmwlth. 2001) (holding that intervention was properly granted where "[i]ntervenors' interests may vary from those of" the existing parties as the litigation progresses); *accord Stroud v. Harper*, 81 Pa. D. & C. 233,

235 (Pa. C.C.P. of Montg. Cnty. 1953) ("[I]ntervention should only be refused when the court feels that the applicant's interest is so well represented in the action that the allowance of the intervention would not materially improve his position.").

47. Moreover, even if Appellants' and Applicants' interests are similar, as the Pennsylvania Supreme Court recently cautioned, "the mere fact an existing party may align with the putative intervenor's legally enforceable interests" is not determinative of the adequacy prong under Rule 2329. *See Shirley v. Pa. Legis. Reference Bureau*, __A.3d__, __, 2024 WL 3450536, at *12 (Pa. July 18, 2024).

48. *Third*, intervention will not unduly delay, embarrass or prejudice the adjudication of the parties' rights. *See* Pa.R.Civ.P. 2329(3). Applicants have not unduly delayed asserting their interests. They bring this application one day after Appellants' notice of appeal and just days after Appellees alleged that Applicants are indispensable parties. *See Wexford Science*, 260 A.3d at 327 (cautioning that "[e]very delay on the part of the petitioner does not constitute undue delay," since Rule 2327 expressly permits intervention "at any time during the pendency of an action" (quoting 7 GOODRICH AMRAM 2d, § 2329:8 (2021)).

49. Likewise, Applicants are prepared to participate in the expedited adjudication of this case. And, so, their intervention will not delay or inconvenience the parties.

**WHEREFORE**, for the reasons stated above, Cornel West and Melina Abdullah respectfully request that this Honorable Court grant their Application for Leave to Intervene, thereby permitting their participation as co-Appellants.

Respectfully submitted,

**McNEES WALLACE & NURICK LLC**

By: /s/ *J. Andrew Crompton*
J. Andrew Crompton (PA I.D. 69227)
Erik Roberts Anderson (PA I.D. 203007)
Ryan T. Gonder (PA I.D. 321027)
Matthew L. Hoke (PA I.D. 331634)
100 Pine Street
Harrisburg, PA 17101
(717) 232-8000
dcrompton@mcneeslaw.com
eanderson@mcneeslaw.com
rgonder@mcneeslaw.com
mhoke@mcneeslaw.com

Date:  August 28, 2024

*Counsel for Proposed Intervenors Cornel West and Melina Abdullah*

13

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Date:  August 28, 2024                           */s/ J. Andrew Crompton*
                                                 J. Andrew Crompton
                                                 PA I.D. 69227

## VERIFICATION

I hereby verify that the statements made in the foregoing Application for Leave to Intervene are true and correct based upon my personal knowledge or information and belief. I understand that false statements therein are subject to penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

Dated: 8/22/24

_____
Cornel West

## VERIFICATION

I hereby verify that the statements made in the foregoing Application for Leave to Intervene are true and correct based upon my personal knowledge or information and belief. I understand that false statements therein are subject to penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

Dated: 8-23-2024   _____
                   Melina Abdullah

# **CERTIFICATE OF SERVICE**

I hereby certify that on this day, the foregoing document has been served upon counsel in the manner indicated below, which service satisfies the requirements of Pennsylvania Rule of Appellate Procedure 121:

**VIA eService:**

| | |
|---|---|
| Kathleen K. Kotula<br>Kathleen A. Mullen<br>Gregory M. Darr<br>**DEPARTMENT OF STATE**<br>Office of Chief Counsel<br>306 North Office Building<br>Harrisburg, PA 17120<br>kkotula@pa.gov<br>kamullen@pa.gov<br>grdarr@pa.gov | Matthew H. Haverstick<br>Shohin H. Vance<br>Samantha G. Zimmer<br>**KLEINBARD, LLC**<br>Three Logan Square<br>1717 Arch Street, 5th Floor<br>Philadelphia, PA 19103<br>mhaverstick@kleinbard.com<br>svance@kleinbard.com<br>szimmer@kleinbard.com |
| Ian B. Everhart<br>**DEPARTMENT OF STATE**<br>Office of Chief Counsel<br>11 Stanwix Street, Suite 340<br>Pittsburgh, PA 15222<br>ieverhart@pa.gov | *Attorneys for Appellants* |

Michael J. Fischer
Aimee D. Thomson
**OFFICE OF GENERAL COUNSEL**
1650 Arch Street, 25th Floor
Philadelphia, PA 19103
mjfischer@pa.gov
aimeethomson@pa.gov

*Attorneys for Appellees*

| | |
|---|---|
| Date:  August 28, 2024 | */s/ J. Andrew Crompton*<br>J. Andrew Crompton<br>PA I.D. 69227 |