UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CORNEL WEST, *et al.*,

        Plaintiffs,

    v.

PENNSYLVANIA DEPARTMENT OF STATE, *et al.*,

        Defendants.

No. 24-cv-1349
Judge J. Nicholas Ranjan

## **OBJECTION**

    Mr. Hamrick's affidavit is in large part of series of legal opinions that are not properly a part of factual testimony. Not only that, but the legal opinions are wrong. For example, Mr. Hamrick asserts that electors need to get their affidavits notarized. That is not true. *See In re Turner*, 291 A.3d 519 (Pa. Cmwlth. 2023) (holding that candidate affidavits need not be notarized). Nor is it true that political body candidates have a multi-step process for substituting electors. *See* 25 P.S. § 2940 (requiring political bodies to submit a form with certain facts about the circumstances of the substitution to substitute a candidate). The Court should disregard the legal opinions.

    Other parts of the affidavit offer improper opinion and speculation about why certain people were unwilling to serve as presidential electors for Justice for All.

*See, e.g.*, ¶ 4 (speculating that "some electors were suspicious that additional paperwork could have been for the purpose of scamming them"). This is yet another impermissible topic and certainly impermissible without cross-examination. At a minimum, Defendants would have examined Mr. Hamrick on how seriously Justice for All vetted electors if it chose people who, as Mr. Hamrick asserts, believe that Justice for All asking them to complete paperwork "could have been for the purpose of scamming them."

If the Court admits the affidavit, the Court should give the affidavit no more weight than any testimony should be afforded without cross-examination. *See Delaware State Sportsmen's Ass'n, Inc. v. Delaware Dep't of Safety & Homeland Sec.*, 108 F.4th 194 (3d Cir. 2024), *pet. for cert. pending* ("Affidavits drafted by lawyers [for a preliminary injunction] are poor substitutes for discovery, live testimony, and cross-examination."). Had the Department had the opportunity to cross-examine Mr. Hamrick, it would have questioned him about his reported connections to "a network of Republican political operatives" trying to secure Dr. West's placement on the ballot.[1]

---

[1] https://www.al.com/news/2024/09/former-alabama-political-operative-key-figure-in-effort-to-siphon-off-harris-votes.html.

| | |
|---|---|
| October 8, 2024 | Respectfully submitted, |
| Kathleen M. Kotula (No. 86321)<br>Kathleen A. Mullen (No. 84604)<br>Pennsylvania Department of State<br>306 North Office Bldg.<br>401 North Street<br>Harrisburg, PA 17120-0500 | /s/ *Jacob B. Boyer*<br>Jacob B. Boyer (No. 324396)<br>Stephen R. Kovatis (No. 209495)<br>Office of General Counsel<br>333 Market Street, 17th Floor<br>Harrisburg, PA 17101<br>jacobboyer@pa.gov<br>(717) 460-6786 |

*Counsel for Department of State and Secretary of the Commonwealth Al Schmidt*

# **CERTIFICATE OF SERVICE**

I, Jacob B. Boyer, certify that I have caused all parties to be served on this date with the foregoing via the Court's ECF system.

Date: October 8, 2024                /s/ *Jacob B. Boyer*
                                                   Jacob B. Boyer