IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORNEL WEST, et al., | ) |
| Plaintiffs, | ) 2:24-CV-1349 |
| v. | ) |
| PENNSYLVANIA DEPARTMENT OF STATE, et al., | ) |
| Defendants. | ) |

### MEMORANDUM ORDER

Before the Court is Plaintiffs' motion for injunction pending appeal. ECF 37. The Court has received expedited briefing in response from Defendants, ECF 40, so Plaintiffs' motion is ready for disposition. For the reasons discussed below, the Court denies the motion without prejudice.

"[T]he standard for obtaining a stay pending appeal is essentially the same as that for obtaining a preliminary injunction." *Conestoga Wood Specialties Corp. v. Sec'y of U.S. Dep't of Health & Hum. Servs.*, No. 13-1144, 2013 WL 1277419, at *1 (3d Cir. Feb. 8, 2013).

The discussion begins and ends with the likelihood-of-success factor. In arguing that a preliminary injunction is warranted, Plaintiffs re-state the same arguments the Court rejected a week ago. The Court declines Plaintiffs' invitation to reconsider its prior ruling, largely for the same reasons it articulated before. *See Cottillion v. United Ref. Co.*, No. 09-140E, 2014 WL 7344005, at *3 (W.D. Pa. Dec. 23, 2014) (Bissoon, J.) ("Mere repetition of arguments previously considered and rejected cannot be characterized as a 'strong showing' of a likelihood of success on the merits." (cleaned up)); *see also Fulton v. City of Philadelphia*, No. 18-2075, 2018 WL 11306951, at *1 n.1 (E.D. Pa. July 24, 2018) (incorporating by reference reasoning in memorandum opinion denying preliminary injunction where plaintiffs "rel[ied] on

the same arguments and the same evidence in support of their new motion for injunction pending appeal that [they] relied upon in support of their unsuccessful Injunction Motion").

More specifically, for Plaintiffs to obtain an injunction pending appeal, they must convince the Court that there is a "strong" chance that they will prevail on their appeal. *Donald J. Trump for President, Inc. v. Sec'y of Pennsylvania*, 830 F. App'x 377, 389 (3d Cir. 2020) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). They cannot make that showing. For the reasons that the Court provided before, the public interest and harm to third parties, captured in the *Purcell* principle, make it likely that the Third Circuit will affirm this Court's prior order. The passing of another week only confirms the soundness of the Court's position.

That Plaintiffs have purportedly narrowed their requested relief doesn't change the Court's view. To begin with, it's unclear how the narrowed requested relief is materially different than the relief Plaintiffs originally requested. But even if there are some distinctions to be drawn, the same risks of voter confusion, error, and post-election counting disputes remain. The reality remains that re-printing several hundred thousand election-day ballots and conducting the appropriate testing in 67 counties with the election two weeks away carries too much risk.

**\* \* \* \***

For the above reasons, the Court hereby **DENIES** Plaintiffs' motion for an injunction pending appeal (ECF 37). This denial is without prejudice to Plaintiffs seeking an injunction pending appeal from the Third Circuit pursuant to Federal Rule of Appellate Procedure 8(a)(2).

DATED this 18th day of October, 2024.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge