UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CORNEL WEST, *et al.*,

        Plaintiffs,

    v.

PENNSYLVANIA DEPARTMENT OF STATE, *et al.*,

        Defendants.

No. 24-cv-1349
Judge Nicholas Ranjan

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS PENNSYLVANIA DEPARTMENT OF STATE AND SECRETARY OF THE COMMONWEALTH AL SCHMIDT**

The Pennsylvania Department of State and Al Schmidt, Secretary of the Commonwealth (collectively "Defendants"), submit this Answer and Affirmative Defenses to Plaintiffs' Complaint:

1.    The allegations in this paragraph contain conclusions of law to which no response is required.

2.    Denied. Minor political parties and political bodies are distinct entities under the Pennsylvania Election Code. Further, the allegations in this paragraph contain conclusions of law to which no response is required.

3.    The allegations in this paragraph contain conclusions of law to which no response is required.

4. The allegations in this paragraph contain conclusions of law to which no response is required.

5. Denied. Further, the allegations in this paragraph contain conclusions of law to which no response is required.

6. Denied. Further, the 2024 general election has concluded and neither Dr. Cornel West nor Melina Abdullah is a candidate for the office President or Vice President.

7. Admitted only that Dr. West, Ms. Abdullah, and Justice for All never submitted nomination papers that complied with the requirements of the Pennsylvania Election Code. All other allegations in this paragraph are denied.

8. Denied.

9. Denied. Further, the allegations in this paragraph contain conclusions of law to which no response is required.

10. Admitted only that Plaintiffs seek certain relief. Denied that Plaintiffs provide any factual or legal basis for such relief.

11. Admitted only that Plaintiffs seek certain relief. Denied that Plaintiffs provide any factual or legal basis for such relief. Further, the allegations in this paragraph contain conclusions of law to which no response is required.

12. Admitted only that Plaintiffs seek certain relief. Denied that Plaintiffs provide any factual or legal basis for such relief. Further, the allegations in this

paragraph contain conclusions of law to which no response is required.

13. Admitted only that venue is proper in this Court. Denied that Plaintiffs provide any factual or legal basis for relief. Further, the allegations in this paragraph contain conclusions of law to which no response is required.

14. Denied that Dr. West is a candidate for the office of President. All other allegations in this paragraph are admitted.

15. Denied that Ms. Abdullah is a candidate for the office of Vice President. All other allegations in this paragraph are admitted.

16. Admitted that there is a Geraldine Tunstalle registered to vote in Allegheny County. Defendants do not possess sufficient information to admit or deny the remaining allegations in this paragraph and so they are denied.

17. Admitted that there is a Katherine Hopkins-Bot registered to vote in Philadelphia County. Defendants do not possess sufficient information to admit or deny the remaining allegations in this paragraph and so they are denied.

18. Admitted that there is a Charles Hier registered to vote in Allegheny County. Defendants do not possess sufficient information to admit or deny the remaining allegations in this paragraph and so they are denied.

19. Defendants do not possess sufficient information to admit or deny the allegations in this paragraph and so they are denied.

20. Admitted.

21. Admitted.

22. Denied. Minor political parties and political bodies are distinct entities under the Pennsylvania Election Code. Further, the allegations in this paragraph contain conclusions of law to which no response is required.

23. Denied that Defendants have committed any constitutional violations. All other allegations in this paragraph are denied.

24. The allegations in this paragraph contain conclusions of law to which no response is required.

25. Denied.

26. Denied. The Pennsylvania Election Code creates distinct nomination processes for minor political parties and for other political parties. Further, the allegations in this paragraph contain conclusions of law to which no response is required.

27. Denied. The Pennsylvania Election Code creates distinct nomination processes for minor political parties and for other political parties. Further, the allegations in this paragraph contain conclusions of law to which no response is required.

28. Denied. The Pennsylvania Election Code creates distinct nomination processes for minor political parties and for other political parties. Further, the allegations in this paragraph contain conclusions of law to which no response is

required.

29. Denied. The Pennsylvania Election Code creates distinct nomination processes for minor political parties and for other political parties. Further, the allegations in this paragraph contain conclusions of law to which no response is required.

30. Denied. Minor political parties and political bodies are distinct entities under the Pennsylvania Election Code. Additionally, the Pennsylvania Election Code creates distinct nomination processes for minor political parties and for other political parties. Further, the allegations in this paragraph contain conclusions of law to which no response is required.

31. The allegations in this paragraph contain conclusions of law to which no response is required.

32. The allegations in this paragraph contain conclusions of law to which no response is required.

33. The allegations in this paragraph contain conclusions of law to which no response is required.

34. The allegations in this paragraph contain conclusions of law to which no response is required.

35. Admitted only that Presidential electors fulfill a role under the Pennsylvania Election Code that is distinct from other candidates for office. Denied

that Presidential electors are not themselves candidates pursuant to the Election Code.

36. Denied.

37. Admitted only that individual names of presidential electors are not pre-printed on ballots. All other allegations in this paragraph are denied.

38. The allegations in this paragraph refer to a document that speaks for itself. To the extent Plaintiffs' allegations attempt to characterize this document, they are denied.

39. The allegations in this paragraph contain conclusions of law to which no response is required.

40. Denied.

41. Admitted.

42. Denied. The Department provides information about presidential elector candidates for all political parties and political bodies when requested.

43. The allegations in this paragraph contain conclusions of law to which no response is required.

44. The allegations in this paragraph contain conclusions of law to which no response is required.

45. Denied. Further, the allegations in this paragraph contain conclusions of law to which no response is required.

46. Admitted that the Department adheres to the provisions of the Election Code governing access to the ballot for political bodies as well as definitive judicial interpretations of those provisions. All other allegations in this paragraph are denied.

47. Admitted only that Defendants' website has a page titled "Third Party Nomination Paperwork." The content of that website speaks for itself. To the extent Plaintiffs' allegations attempt to characterize Defendants' website, they are denied.

48. Admitted only that Defendants' website has a page titled "Third Party Nomination Paperwork." The content of that website speaks for itself. To the extent Plaintiffs' allegations attempt to characterize Defendants' website, they are denied. Further, the Department adheres to the provisions of the Election Code governing access to the ballot for political bodies as well as definitive judicial interpretations of those provisions.

49. Admitted only that Defendants' website has a page titled "Third Party Nomination Paperwork." The content of that website speaks for itself. To the extent Plaintiffs' allegations attempt to characterize Defendants' website, they are denied. Further, the Department adheres to the provisions of the Election Code governing access to the ballot for political bodies as well as definitive judicial interpretations of those provisions.

50. Denied.

51. Admitted only that Defendants' website has a page titled "Third Party

Nomination Paperwork." The content of that website speaks for itself. To the extent Plaintiffs' allegations attempt to characterize Defendants' website, they are denied. Further, the Department adheres to the provisions of the Election Code governing access to the ballot for political bodies as well as definitive judicial interpretations of those provisions.

52. The allegations in this paragraph refer to a document that speaks for itself. To the extent Plaintiffs' allegations attempt to characterize this document, they are denied.

53. Admitted that Defendants' website has a page titled "Third Party Nomination Paperwork." The content of that website speaks for itself. To the extent Plaintiffs' allegations attempt to characterize Defendants' website, they are denied. Further, the Department adheres to the provisions of the Election Code governing access to the ballot for political bodies as well as definitive judicial interpretations of those provisions.

54. Denied.

55. Admitted only that on July 11, 2024, a representative of the Justice for All appeared at the Department's offices and attempted to file nomination papers that listed Dr. West for the office of President, Ms. Abdullah for the office of Vice President, and 19 individuals as presidential electors. All other allegations in this paragraph are denied.

56. Admitted only that on July 11, 2024, a representative of the Justice for All appeared at the Department's offices and attempted to file nomination papers with more than 13,000 signatures. Defendants do not possess sufficient information as to whether any of the signatures was valid and so to the extent Plaintiffs allege that they submitted more than 13,000 valid signatures, that allegation is denied.

57. Admitted only that on July 11, 2024, a representative of the Justice for All appeared at the Department's offices and attempted to file nomination papers that listed Dr. West for the office of President, Ms. Abdullah for the office of Vice President, and 19 individuals as presidential electors. All other allegations in this paragraph are denied.

58. Admitted only that the Department issued a notice dated July 11, 2024, addressed to Dr. West, which advised that "this office did not receive a valid candidate's affidavit," with the further annotation "0 of 19 Electors." All other allegations in this paragraph are denied.

59. Admitted.

60. Admitted only that on August 2, 2024, the Department issued via email a rejection notice to Cornel West for the Justice for All political body. The notice stated that the nomination papers were rejected for "invalid candidate's affidavit" and "Department is not in receipt of valid affidavits for all 19 electors." All other allegations in this paragraph are denied.

61. Admitted only that on August 1, 2024, representatives for Justice for All emailed a representative of Defendants purported affidavits for fewer than 19 nominees for presidential elector. All other allegations in this paragraph are denied.

62. Admitted only that Dr. West, Ms. Abdullah, and Justice for All never submitted nomination papers that complied with the requirements of the Pennsylvania Election Code. All other allegations in this paragraph are denied.

63. The allegations in this paragraph refer to a document that speaks for itself. To the extent Plaintiffs' allegations attempt to characterize this document, they are denied.

64. The allegations in this paragraph refer to a judicial opinion that speaks for itself. To the extent Plaintiffs' allegations attempt to characterize this opinion, they are denied.

65. Admitted.

66. Admitted only that Justice for All is not the only political body that failed to comply with the Pennsylvania Election Code's requirements for nominating individuals for President, Vice President, and presidential elector ahead of the 2024 general election. All other allegations in this paragraph are denied.

67. Denied. Further, the Election Code creates different nomination processes for candidates of political bodies, minor political parties, and other political parties.

68. Denied.

69. Denied. Further, the 2024 general election has concluded and this case is moot.

70. Denied. Further, the 2024 general election has concluded and this case is moot.

71. This paragraph requires no response.

72. The allegations in this paragraph contain conclusions of law to which no response is required.

73. The allegations in this paragraph contain conclusions of law to which no response is required.

74. The allegations in this paragraph contain conclusions of law to which no response is required.

75. The allegations in this paragraph contain conclusions of law to which no response is required.

76. The allegations in this paragraph contain conclusions of law to which no response is required.

77. Denied. Further, the allegations in this paragraph contain conclusions of law to which no response is required.

78. Denied.

79. Denied.

80. Denied.

81. This paragraph requires no response.

82. The allegations in this paragraph contain conclusions of law to which no response is required.

83. The allegations in this paragraph contain conclusions of law to which no response is required.

84. Denied.

85. The allegations in this paragraph contain conclusions of law to which no response is required. Further, the Election Code creates different nomination processes for candidates of political bodies, minor political parties, and other political parties.

86. The allegations in this paragraph contain conclusions of law to which no response is required. Further, the Election Code creates different nomination processes for candidates of political bodies, minor political parties, and other political parties.

87. Admitted only that a representative of Justice for All appeared at the Department's offices and attempted to file nomination papers with more than 13,000 signatures. Defendants do not possess sufficient information as to whether all of these signatures were valid and so to the extent Plaintiffs allege that they submitted more than 13,000 valid signatures, that allegation is denied. To the extent this

paragraph alleges that presidential electors may move sometime before or after nomination papers are due, Defendants do not possess sufficient information to admit or deny the allegation and it is therefore denied. To the extent this paragraph alleges that the Pennsylvania Election Code's nomination process discriminates against political bodies, the allegation is denied. All other allegations in this paragraph are denied.

88. Denied.

89. Denied.

90. The allegations in this paragraph contain conclusions of law to which no response is required.

91. Denied.

92. Denied. Further, the allegations in this paragraph contain conclusions of law to which no response is required.

93. Denied. Further, the allegations in this paragraph contain conclusions of law to which no response is required.

**Affirmative Defenses**

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred in whole or in part by sovereign immunity, including but not limited to Eleventh Amendment immunity.

3. This Court lacks subject matter jurisdiction over any claim for

retroactive declaratory or injunctive relief.

4. Plaintiffs' claims are moot because the 2024 presidential election is over.

5. To the extent Plaintiffs' claims are interpreted as applying to the 2028 presidential election, those claims are not ripe.

6. Secretary Schmidt is protected from any personal liability whatsoever by the doctrine of qualified immunity.

WHEREFORE, Defendants respectfully request that the Court dismiss this action and grant Defendants any other relief that is just and proper.

January 6, 2025

Kathleen A. Mullen (No. 84604)
Pennsylvania Department of State
306 North Office Bldg.
401 North Street
Harrisburg, PA 17120-0500
kamullen@pa.gov
(717) 783-0839

Respectfully submitted,

/s/ *Jacob B. Boyer*

Jacob B. Boyer (No. 324396)
Stephen R. Kovatis (No. 209495)*
Office of General Counsel
30 North Street, Suite 200
Harrisburg, PA 17101
jacobboyer@pa.gov
(717) 460-6786
*Admitted pro hac vice*

*Counsel for Department of State and Secretary of the Commonwealth Al Schmidt*

## **CERTIFICATE OF SERVICE**

I, Jacob B. Boyer, certify that I have caused all parties to be served on this date with the foregoing via the Court's ECF system.

Date: January 6, 2025                  /s/ *Jacob B. Boyer*
                                       Jacob B. Boyer