IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CORNEL WEST et al., | ) |
|       Plaintiffs, | ) 2:24-CV-1349 |
| v. | ) |
| PENNSYLVANIA DEPARTMENT OF STATE, et al., | ) |
|       Defendants. | ) |

## CASE MANAGEMENT ORDER

The Court held a telephonic initial case management conference on February 3, 2025, and based on the discussion at that conference, issues the following schedule:

### Mandatory Alternative Dispute Resolution

1. The Court appoints Mark Hamilton, Esq. as neutral. The ENE session shall be completed by no later than March 6, 2025.

### Discovery Schedule

2. Initial disclosures required by Rule 26(a) of the Federal Rules of Civil Procedure will be made by **February 5, 2025**. This includes the production of all documents referenced in each party's disclosures. The parties are reminded to supplement their disclosures with due diligence.

3. Discovery shall be completed by **August 4, 2025**. The parties shall treat this deadline as the final deadline, and should not expect it to be continued. If any discovery remains outstanding by the deadline, then the requesting party will have been deemed to have forfeited the right to that discovery, and subsequent case deadlines will not be delayed due to outstanding discovery.

4. The parties shall only serve document requests for information not otherwise covered by Rule 26(a) of the Federal Rules of Civil Procedure. Such

requests shall not be boilerplate requests, and the parties' responses shall not contain boilerplate general objections; any objections must be stated with specificity as to a particular request or will otherwise be deemed waived. Further, in response to interrogatories, if the parties refer to documents produced, such references shall include specific Bates numbers. The parties can expand the limits on discovery by mutual agreement or by seeking leave of Court.

5. If the parties decide to proceed with expert discovery, Plaintiffs shall provide their expert designations and reports to Defendants by **June 2, 2025**, and Defendants shall provide their expert designations and reports to Plaintiffs by **June 30, 2025**. The deadlines for exchanging expert designations and reports may be altered by mutual agreement of the parties.

6. All expert depositions shall be completed by **August 4, 2025**.

7. Pursuant to Local Civil Rule 16.1(D), and to aid in the implementation of Fed. R. Evid. 502, the following is ordered in the event of an inadvertent disclosure of any privileged or trial preparation/attorney work product material:

    (a) The producing party shall promptly notify all receiving parties of the inadvertent product of any privileged or trial preparation material. Any receiving party who has reasonable cause to believe that it has received privileged or trial preparation material shall promptly notify the producing party.

    (b) Upon receiving notice of inadvertent production, any receiving party shall immediately retrieve all copies of the inadvertently disclosed material and sequester such material pending a resolution of the producing party's claim either by the Court or by agreement of the parties.

    (c) If the parties cannot agree as to the claim of privilege, the producing party shall move the Court for a resolution within 30

      days of the notice set forth in subparagraph (a).  Nothing herein shall be construed to prevent a receiving party from moving the Court for a resolution, but such motion must be made within the 30-day period.

  8. The parties shall meet and confer regarding all discovery disputes.  If a dispute is not resolved, then instead of filing a discovery motion, the parties shall contact Chambers.  The Court will then either set up a conference or order the parties to e-mail a brief summary of the nature of the dispute, so that the Court can attempt to resolve the dispute without the need for motions practice.  If a dispute remains unresolved at that point, the Court will issue a briefing schedule to decide the discovery dispute.  In connection with those briefs, each interested party shall submit a carefully crafted proposed order along with its brief, which should include in it the precise relief requested and the amount of any attorneys' fees and costs to be awarded.  If appropriate, the Court will decide the dispute by executing one of the party's proposed orders.

### Motions to Amend or Add New Parties

  9. Any consented-to amended pleadings or joinder of parties shall be filed no later than **February 7, 2025**.  Lacking consent, any motion to amend pleadings or join parties shall be filed no later than **February 7, 2025**.

### Discovery Status Update

  10. On or before **July 1, 2025**, the parties shall file a joint status report, updating the Court on the status of discovery, identifying: (i) the discovery completed to date; (ii) the discovery that remains; and (iii) the existence of any discovery disputes.

### Post-Discovery Status Conference

11. Upon the completion of discovery, the Court shall hold a telephonic post-discovery status conference on **August 8, 2025 at 10:00 a.m.** The dial-in information is as follows: 412-547-0144, with an access code of 183042849#.

DATED this 3rd day of February, 2025.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge