**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| CORNEL WEST AND MELINA ABDULLAH, GERALDINE TUNSTALLE, KATHERINE HOPKINS-BOT, AND CHARLES HIER, | : : : : | No. 2:24-cv-01349  (*filed electronically*) |
|  | : |  |
| Plaintiffs, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| PENNSYLVANIA DEPARTMENT OF STATE AND AL SCHMIDT, IN HIS CAPACITY AS SECRETARY OF THE COMMONWEALTH, | : : : : | |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS AMENDED COMPLAINT**

Defendants interpret the Pennsylvania Election Code in a manner that discriminates against upstart political parties, known as political bodies, and violates rudimentary equal protection and free speech principles. Because of Defendants' onerous interpretation, Plaintiff Candidates West and Abdullah did not appear on the ballot in November 2024. Shortly before that, Plaintiffs' constitutional challenge to Defendants' interpretation fell victim to the passage of time and the practical implications of a quickly-approaching election. But Defendants' interpretation, the burden on political bodies to comply with that interpretation, and the time-sensitive nature of nomination paper challenges will all recur in 2028. So, Plaintiffs amended their claims and continue to pursue them

1

to ensure the same constitutional violations do not occur in the next presidential election. Yet, after months of complaining of Plaintiffs' delay, Defendants now claim that these claims cannot be brought in advance of the election and are otherwise non-justiciable. Defendants' request to dismiss these claims until Plaintiffs risk losing ballot access again in the next election cycle is impractical and legally untenable.

## I.    BACKGROUND

This Court is familiar with Plaintiffs' claims. Briefly, Plaintiffs West and Abdullah were 2024 President and Vice-President Candidates of the Justice for All political body. Am. Compl. ¶ 6. They also intend to run for office in 2028. *Id.* ¶ 77. Plaintiff Voters—Geraldine Tunstalle, Katherine Hopkins-Bot and Charles Hier— are registered Pennsylvania voters who signed nomination papers for Candidates, intended to vote for Candidates in 2024, and intend to vote for a political body candidate in 2028. *Id.* ¶¶ 18-20, 78.

In September 2024, Plaintiffs filed a Complaint and sought preliminary injunctive relief to enjoin Defendants' interpretation of Section 951 of the Pennsylvania Election Code in a manner that discriminates against political bodies and their candidates. This Court agreed that there are serious concerns with Defendants' interpretation of the Election Code, but denied injunctive relief given the proximity to the election. Candidates did not appear on the ballot in 2024.

In February 2025, Plaintiffs filed an Amended Complaint, again bringing facial and as-applied claims under the First and Fourteenth Amendment. *Id.* ¶¶ 82-

105. As Plaintiffs allege, Defendants will continue to enforce this interpretation of
Section 951 of the Election Code in 2028 and that interpretation will operate to
restrict Candidates' access to the ballot. *Id.* ¶¶ 80, 90. Defendants moved to dismiss.

## II.    ARGUMENT

Defendants' Motion should be denied on all three grounds.

### A. Plaintiffs' claims are ripe for adjudication.

Generally, ripeness ensures that courts do not weigh in on abstract
disagreements. *Presbytery of New Jersey of Orthodox Presbyterian Church v. Florio*,
40 F.3d 1454, 1462 (3d Cir. 1994). Far from abstract disagreements, Plaintiffs'
constitutional claims are predominantly legal claims and Plaintiffs face a threat of
injury in future elections if the claims are not decided now.

To evaluate ripeness, courts look to (1) the fitness of issues for judicial
decision, and (2) the hardship to the parties from the court withholding
consideration. *OpenPittsburgh.Org v. Voye*, 563 F.Supp.3d 399, 419 (W.D. Pa. 2021).
As for fitness of issues for judicial inquiry, the Court considers if the issues
presented are purely legal and the degree to which the challenged action is final. *Id.*
at 419-20. Even a claim that is only "predominantly legal" may survive a ripeness
inquiry if Plaintiffs "face a real and immediate threat of injury from denial of pre-
enforcement review of the merits." *Id.* at 420. For the hardship consideration, the
Court focuses on whether the "challenged action creates a 'direct and immediate'
dilemma for the parties," so that lack of pre-enforcement review will "put the
plaintiffs to costly choices." *Id.* In the election context, this Court has determined
that facial and as-applied constitutional challenges to the Election Code are

3

"predominantly legal" challenges. *Id. See also Gottlieb v. Lamont*, No. 3:20-CV-00623, 2022 WL 375525, at *10 (D. Conn. Feb. 8, 2022) (determining ballot access claims were ripe where the plaintiff candidate announced he was running again for office in the next cycle).

Similarly, Plaintiffs' challenges are predominantly legal and focused on Defendants' unconstitutional interpretation. Am. Compl. ¶¶ 82-105. Defendants disagree, citing unknown facts about the burden on Plaintiffs to comply with Defendants' requirements in 2028. Plaintiffs' claims, however, challenge the interpretation on its face as well as in application. *Id.* ¶ 104. If anything, Defendants' focus on the burden for 2028 supports the second prong of the ripeness inquiry by demonstrating why Plaintiffs will suffer hardship without judicial review. Distilled, Defendants expect Plaintiffs to wait until they cannot comply with Defendants' requirements in 2028 before seeking relief. And, inevitably, Defendants will again raise a laches defense, leaving Plaintiffs in an endless loop without relief.

To be sure, "attempts by either litigants or the courts to 'time' these ballot access cases is extremely difficult, because the election cycle is an ever-running stream." *Dain v. Ysursa*, 711 F.Supp.2d 1215, 1228 (D. Idaho 2010) (holding that challenges to ballot access statutes prior to the election were ripe). Defendants' narrow interpretation of Plaintiffs' claims to focus only on what is unknown about 2028 misses the mark. By challenging Defendants' interpretation, Plaintiffs challenge a system that forecloses their participation—not just one election. *See id.* Plaintiffs risk laches and/or insufficient time to fully litigate those challenges in a

4

condensed election litigation cycle such that they continually fall victim to a system designed to exclude them. In fact, Defendants' contention that they can work with candidates "to devise sensible solutions" to difficulties they encounter "**during an election**," highlights the exact concern that relief will come too late. Defendants' Br. at 6 (emphasis added). Plaintiffs' claims "transcend[] the candidate and the associated timing issues tied to a specific candidate" and must be adjudicated outside of the condensed election cycle. *Id.*

Defendants' further reliance on *Constitution Party of Pa. v. Cortes*, 712 F.Supp.2d 387 (E.D. Pa. 2010) (*Cortes I*), similarly misses the mark. *Cortes I* involved political bodies' challenges to provisions permitting taxation of costs and fees against a candidate defending a challenged nomination paper. Because the claims were premised on past assessments of costs for bad faith or inappropriate conduct, the Eastern District dismissed the case for lack of standing **and** ripeness. *Id.* at 396-400. Those challenged provisions in *Cortes I* did not preclude access to the ballot or require swift adjudication before ballot printing, like Plaintiffs' here.

Plaintiffs bring primarily legal claims that are fit for review. Plaintiffs will suffer significant hardship if pre-enforcement review is denied and they are repeatedly foreclosed from participation by Defendant's interpretation. Plaintiffs cannot wait to litigate these challenges until it is too late to secure ballot access.

### B. <u>Plaintiffs' claims are capable of repetition but evading review.</u>

For similar reasons, Plaintiffs' claims are not moot. An action can become moot where there (1) "is no reasonable expectation that the alleged event will recur," and (2) "interim relief or events have completely eradicated the effects of the

violation." *Patriot Party of Allegheny Cnty. v. Allegheny Cnty. Dep't of Elections*, 95 F.3d 253, 257 (3d Cir. 1996). As explained above, there is a reasonable expectation that Defendants' interpretation will recur and the passage of the 2024 election has not eradicated the effects of the violation. Am. Compl. ¶¶ 9, 77. Even still, there are exceptions to mootness, including where the issue before the court is capable of repetition but evading review, which requires "a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party." *Gulden v. Exxon Mobil Corp.*, 119 F.4th 299, 309 (3d Cir. 2024) (internal quotations and emphasis omitted). Although the 2024 presidential election has passed, Plaintiffs' claims related to ballot access can only arise in the limited time between the submission of nomination papers and the printing of ballots. As such, they are capable of repetition but evading review.

Indeed, as courts across the country agree, ballot access cases often fall under this exception. *See id. See also, e.g.*, *Graveline v. Benson*, 992 F.2d 524, 533-34 (6th Cir. 2021); *Acevedo v. Cook Cnty. Officers Electoral Bd.*, 925 F.3d 944 (7th Cir. 2019), *abrogated in part on other grounds*, *Tully v. Okeson*, 977 F.3d 608, 615-16 (7th Cir. 2020); *Lerman v. Bd. of Elections in City of New York*, 232 F.3d 135, 141 (2d Cir. 2000). *See also Meyer v. Grant*, 486 U.S. 414, 417 n.2 (1988) (deciding a constitutional challenge after an election passed because the likelihood that a party could obtain a favorable ruling within 6 months and act on it was "slim at best," so the issue was capable of repetition but evading review). Plaintiffs' claims are not mooted by the 2024 election. *See Whittaker v. Mallot*, 259 F.Supp.3d 1024, 1030 (D.

Alaska 2017) (citing *Arizona Green Party v. Reagan*, 838 F.3d 983 (9th Cir. 2016)).

Because Candidates "may very well wish to run in the future," Plaintiffs' claims are

not moot. *Lunde v. Schultz*, 221 F.Supp.3d 1095, 1100 (S.D. Iowa 2014). In fact, it is

reasonable to expect political candidates to seek office again in future elections, and

Candidates here do intend to run for office in 2028. *Belitskus v. Pizzingrilli*, 343

F.3d 632, 648 n.11 (3d Cir. 2003) (finding an as-applied election law challenge to be

capable of repetition but evading review); Am. Compl. ¶ 77.

But "[e]ven if the court could not reasonably expect that the controversy

would recur" as to these specific Candidates, the "fact that the controversy almost

invariably will recur with respect to some future potential candidate or voter"

suffices in light of the "somewhat relaxed" standard for mootness in election cases.

*Lawrence v. Blackwell*, 430 F.3d 368, 372 (6th Cir. 2005). Because there is "every

reason to expect the same parties to generate a similar, future controversy subject

to identical time constraints," this issue is capable of repetition but evading review.

*Norman v. Reed*, 502 U.S. 279, 288 (1992)); Compl. ¶¶ 6, 18-20, 77-78.

Like with ripeness, under Defendants' construction, Plaintiffs must wait until

Defendants inevitably reiterate their interpretation of the Election Code for 2028

and Plaintiffs encounter difficulties complying with that interpretation before

seeking relief. In other words, following Defendants' mootness analysis would leave

Plaintiffs once again with "approximately two months to resolve any challenge"

from mid-August to mid-October. *Whittaker*, 259 F.Supp.3d at 1030; *see also*

*Lerman*, 232 F.3d at 141 ("Since the issues presented in this case 'will persist in

future elections, and within a time frame too short to allow resolution through litigation, … the NYC Board's mootness argument necessarily fails."). This is the exact situation that the capable of repetition but evading review exception captures.

Regardless of Plaintiffs' notice about Defendants' interpretation for the 2028 election cycle, their claims survive a mootness inquiry. Plaintiffs challenge the interpretation on its face **and** as applied. And, in any event, political body candidates and supporters continually face limited resources and other challenges in complying with onerous interpretations and requirements. Defendants cannot expect Plaintiffs to expend those limited resources every four years on the mere hope that there will be sufficient time to fully litigate these constitutional challenges in the two months between nomination paper submission and ballot printing. Because Plaintiffs cannot meaningfully pursue these claims within the compressed election timeframe without risking losing ballot access, this controversy is likely to occur again in less than 4 years with the same parties. These claims are capable of repetition but evading review.

### C. The Secretary is not immune from suit.

Finally, the Secretary is not immune from suit. Generally, the Eleventh Amendment provides that "a nonconsenting state is immune from suit in federal court." *Acosta v. Democratic City Committee*, 288 F.Supp.3d 597 (E.D. Pa. 2018) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 88, 99-100 (1984)). Plaintiffs agree that the Department is immune from suit under this standard, but the Secretary is not.

Immunity is subject to three exceptions: (1) where there is congressional abrogation, (2) where the state waives immunity, and (3) in "suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law." *Id.* Plaintiffs' claims against the Secretary fall squarely in the third exception. Under that exception and the Supreme Court's interpretation of it in *Ex parte Young*, 209 U.S. 123 (1984), claims may proceed against a state officer in his official capacity where the relief sought is prospective, declaratory, or injunctive relief governing an officer's future conduct. *Acosta*, 288 F.Supp.3d at 626. In fact, the purpose underlying the *Ex parte Young* doctrine is that sovereign immunity does not extend to actions against an individual officer to stop enforcement of a state law that conflicts with the federal constitution. *Constitution Party of Pa. v. Cortes*, 824 F.3d 386, 396 (3d Cir. 2016) (*Cortes II*). Therefore, in making a state officer a party to enjoin enforcement of an unconstitutional act, the officer "must have some connection with the enforcement of the act," even if it is a ministerial duty.

In *Cortes II*, the Third Circuit specifically rejected the exact immunity argument Defendants raise now when it held that the Secretary, in his official capacity, plays "a sufficient role in administering [Section 951(b)] and other ballot access provisions to be named as the defendants" in a Section 1983 suit. *Id.* The Election Code specifically requires the Secretary to examine nomination papers and determine their sufficiency and is generally "replete with provisions discussing the Secretary's role" in administering the Election Code. *Id.* at 398 (citing 25 P.S. §§

9

2911, 2936). *See also OpenPittsburgh.Org v. Voye*, 563 F.Supp.3d 399, 414-15 (W.D. Pa. 2021) (holding that the Secretary of State was a proper party under the *Ex parte Young* doctrine because the Secretary has a connection with the challenged election provisions); *Donald J. Trump for President, Inc. v. Boockvar*, 493 F.Supp.3d 331, 423 (W.D. Pa. 2020) (explaining that the sovereign immunity "defense does not apply to Plaintiffs' federal-constitutional claims under the *Ex parte Young* doctrine"). The Secretary has the statutory duties and obligations to determine the forms for nomination papers, 25 P.S. § 2621(a), and accept and approve nomination papers, 25 P.S. § 2621(d). Further, the Secretary plays a vital role in administering elections and the Election Code. *Cortes II*, 824 F.3d at 396. Accordingly, the Secretary is a proper party and not immune from suit.

## III.    CONCLUSION

In sum, Plaintiffs' claims cannot be untethered from the election-related context in which they inevitably arise. That context warrants unique consideration of justiciability concerns. Plaintiffs' claims are ripe and capable of repetition but evading review. Further, the Secretary is not immune from suit. Accordingly, Plaintiffs respectfully request that this Court deny Defendants' Motion to Dismiss.

Respectfully submitted,

Dated: March 17, 2025       /s/ Matthew H. Haverstick
Matthew H. Haverstick (No. 85072)
Shohin H. Vance (No. 323551)
Samantha G. Zimmer (No. 325650)*
KLEINBARD LLC
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
Ph: (215) 568-2000
Fax: (215) 568-0140
Eml: mhaverstick@kleinbard.com
svance@kleinbard.com
szimmer@kleinbard.com

*Pro Hac Vice*

/s/ J. Andrew Crompton
J. Andrew Crompton (No. 69227)*
Erik Roberts Anderson (203007)
Ryan T. Gonder (No. 321027)*
McNEES WALLACE & NURICK LLC
100 Pine Street
Harrisburg, PA 17101
Ph: (717) 232-8000
Eml: dcrompton@mcneeslaw.com
eanderson@mcneeslaw.com
rgonder@mcneeslaw.com

*Pro Hac Vice*

*Attorneys for Plaintiffs*

11