**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CORNEL WEST AND MELINA ABDULLAH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PENNSYLVANIA DEPARTMENT OF STATE, et al.,<br><br>Defendants. | CIVIL ACTION<br>No. 24-1349 |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56 and this Court's Summary Judgment Briefing Order, ECF No. 94, as amended by ECF No. 96, Plaintiffs Cornel West, Melina Abdullah, Geraldine Tunstalle, Katherine Hopkins-Bot, and Charles Hier respectfully move for summary judgment on both counts of their Amended Complaint, and in support thereof, state as follows:

1. Plaintiffs commenced this action on September 25, 2024, and filed the operative Amended Complaint on February 7, 2025, asserting two claims under 42 U.S.C. § 1983: that Defendants' interpretation of Section 951 of the Pennsylvania Election Code, 25 P.S. § 2911 — under which the individuals a political body identifies for the office of presidential elector are treated as "candidates" who must be listed on nomination papers before circulation, must each file a candidate's affidavit by the filing deadline, and must each satisfy the disaffiliation requirement — violates Plaintiffs' rights of political association under the First and Fourteenth

Amendments (Count I) and the Equal Protection Clause of the Fourteenth Amendment (Count II). ECF No. 60.

2. On October 10, 2024, following expedited briefing, a stipulated record, and an evidentiary hearing, this Court denied Plaintiffs' motion for a temporary restraining order and preliminary injunction solely on equitable, election-proximity grounds, while finding that Plaintiffs were "clearly likely to succeed on the merits, at least based on the present record." ECF No. 33 at 6; *West v. Pa. Dep't of State*, 753 F. Supp. 3d 424 (W.D. Pa. 2024).

3. Defendants construed the Election Code first, and litigation followed: within weeks of the Department's 2024 guidance and rejections, its interpretation was challenged in the Commonwealth Court's original jurisdiction in *Clymer v. Schmidt* (commenced August 5, 2024), and shortly thereafter in this action. *Clymer* — decided August 23, 2024 as an unreported decision without precedential effect — was affirmed per curiam and ordered published on September 19, 2024, and now stands as the authoritative construction of the Election Code: it holds that a political body's nominees for the office of presidential elector are "candidates" who must each file a candidate's affidavit with the body's nomination papers; that the Department is without discretion or authority to accept nomination papers lacking any of the nineteen affidavits; and that no substitution is possible before acceptance. *Clymer v. Schmidt*, 324 A.3d 640, 649–55 (Pa. Cmwlth.), aff'd, 322 A.3d 929 (Pa. 2024).

4. On December 16, 2024, the Court denied Defendants' first motion to dismiss "for the reasons stated in the Court's prior [ECF] 33 Memorandum Order." ECF No. 49. On September 11, 2025, the Court denied Defendants' motion to dismiss the Amended Complaint in all respects except as to the Pennsylvania Department of State, which was dismissed on Eleventh Amendment grounds, leaving Secretary Al Schmidt, in his official capacity, as the sole Defendant. ECF No. 77.

5. Fact discovery closed on March 31, 2026. ECF No. 83. No depositions were taken and no expert discovery was conducted; the summary judgment record is documentary.

6. Contemporaneously with this Motion, the parties have filed a Joint Stipulation of Facts with Exhibits A through M (the "Stipulation"), and Plaintiffs have filed the parties' Joint Appendix as directed by ECF No. 94.

7. As set forth in the accompanying Brief in Support, the stipulated record establishes that there is no genuine dispute as to any material fact and that Plaintiffs are entitled to judgment as a matter of law on both counts: Section 951, as authoritatively construed and as enforced by Defendant, imposes a severe and discriminatory burden on the associational rights of political bodies, their candidates, and their supporters; that burden triggers heightened scrutiny; and Defendant has identified no interest — let alone a sufficiently weighty, narrowly tailored one — that the challenged construct actually advances.

8. A proposed order is attached, and a Brief in Support is filed contemporaneously with this Motion pursuant to ECF Nos. 94 and 96.

**WHEREFORE**, Plaintiffs respectfully request that this Court: (a) grant this Motion and enter summary judgment in Plaintiffs' favor on Counts I and II of the Amended Complaint; (b) declare that Section 951 of the Election Code, 25 P.S. § 2911, as authoritatively construed in *Clymer v. Schmidt*, 324 A.3d 640 (Pa. Cmwlth.), aff'd, 322 A.3d 929 (Pa. 2024), and as interpreted and enforced by Defendant — under which a political body's nominees for the office of presidential elector are required to submit candidate's affidavits, including the disaffiliation attestation, with the body's nomination papers as a condition of its presidential and vice-presidential candidates' access to the general-election ballot — violates the First and Fourteenth Amendments to the United States Constitution; (c) permanently enjoin Defendant, his successors in office, and his officers, agents, and employees from enforcing that interpretation; (d) retain jurisdiction to entertain a timely application for costs and attorneys' fees under 42 U.S.C. § 1988 and Federal

Rule of Civil Procedure 54(d); and (e) grant such further relief as the Court deems just and proper.

Date: August 21, 2026

Respectfully submitted,

/s/ Shohin H. Vance
SHOHIN H. VANCE (No. 323551)
SAXTON & STUMP
100 Deerfield Lane, Suite 240
Malvern, PA 19355
Phone: 484.328.8512
svance@saxtonstump.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Shohin H. Vance, hereby certify that I have caused all parties to be served on this day with the foregoing Motion for Summary Judgment via the Court's ECF system.

Date: August 21, 2026

By: /s/ Shohin H. Vance
SHOHIN H. VANCE