**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**CORNEL WEST; MELINA ABDULLAH; GERALDINE TUNSTALLE; KATHERINE HOPKINS-BOT; and CHARLES HIER,**

Plaintiffs,

v.

**AL SCHMIDT, in his official capacity as Secretary of the Commonwealth of Pennsylvania,**

Defendant.

Civil Action No. 2:24-cv-01349-NR

Hon. Nicholas J. Ranjan

**JOINT STIPULATION OF FACTS**

Pursuant to Federal Rule of Civil Procedure 56(c)(1)(A), and in anticipation of the parties' anticipated cross-motions for summary judgment, Plaintiffs Cornel West, Melina Abdullah, Geraldine Tunstalle, Katherine Hopkins-Bot, and Charles Hier, and Defendant Al Schmidt, in his official capacity as Secretary of the Commonwealth of Pennsylvania, by and through their undersigned counsel, hereby stipulate and agree that the facts set forth in Part One below are undisputed. The parties reserve all objections, including as to relevancy and materiality, to the introduction of these facts and of the accompanying exhibits. Certain averments below describe the personal circumstances of individuals who are not parties to this action; Plaintiffs have described those circumstances without identifying those individuals, consistent with the objections stated in their responses to Defendant's First Set of Interrogatories, and Plaintiffs remain willing to enter a confidentiality

order under which the identifications provided in response to Interrogatory No. 11 may be incorporated.

## I. THE PARTIES

1. Plaintiff Cornel West was the 2024 candidate of the Justice for All political body for the office of President of the United States.

2. Plaintiff Melina Abdullah was the 2024 candidate of the Justice for All political body for the office of Vice President of the United States.

3. Plaintiffs Geraldine Tunstalle, Katherine Hopkins-Bot, and Charles Hier are registered Pennsylvania electors who signed the West/Abdullah nomination papers; Tunstalle and Hopkins-Bot were also among the individuals identified by Justice for All (JAF) as putative presidential elector before circulation began, and Hier submitted substitute-elector documentation, seeking to be among the potential presidential electors for JAF.

## II. THE STATUTORY AND REGULATORY FRAMEWORK

4. A true, correct, and authentic copy of the Department's Instructions for Filing as a Candidate of a Political Body (2024) is attached as Exhibit A.

5. For the 2024 general election, the period for circulating political-body nomination papers began on February 14, 2024, and the deadline to file nomination papers was 5:00 p.m. on August 1, 2024.

6. A political body's candidate for President of the United States must gather 5,000 signatures of registered Pennsylvania voters on nomination papers.

7. The Department's instructions directed that "minor political party and political body candidates for the office of presidential elector must file candidates' affidavits by the August 1 filing deadline," citing 25 P.S. §§ 2911(e), 2913(a). This date is set in accordance with consent decrees entered in *Libertarian Party of Pa. v. Davis*, No. 84-262 (M.D. Pa.) and *Hall v. Davis*, No. 84-1057 (E.D. Pa.).

8. A true, correct, and authentic copy of the Political Body Candidate's Affidavit form (DSBE-PBCA) is attached as Exhibit B.

## III. PRESIDENTIAL ELECTORS UNDER PENNSYLVANIA LAW

9. For the 2024 general election, Pennsylvania was entitled to 19 presidential electors, and a political body nominating candidates for President and Vice President was required to identify 19 "candidates for the office of presidential elector."

10. The names of presidential electors are not printed on the general-election ballot.

11. Presidential electors chosen at the general election have no official function until, following the election, they assemble to cast Pennsylvania's electoral votes.

12. Putative presidential electors are not required to file campaign-finance reports with the Secretary.

## IV. THE WEST/ABDULLAH NOMINATION PAPERS AND THE DEPARTMENT'S PENDING NOTICES

13. On July 11, 2024, a representative of the Justice for All political body appeared at the Department's offices and presented nomination papers listing Cornel West for the office of President, Melina Abdullah for the office of Vice President, and 19 individuals for the office of presidential elector, together with candidate affidavits for West and Abdullah and the filing fee.

14. The West/Abdullah nomination papers comprised 1,282 pages of nomination-paper sheets, as recorded on the Department's rejection notice.

15. Upon receipt, the Department issued a notice dated July 11, 2024, addressed to Cornel West, advising that "this office did not receive a valid candidate's affidavit," with the annotation "0 of 19 Electors" (the "first pending notice"), and attaching a blank affidavit form. A true, correct, and authentic copy of the first pending notice is attached as Exhibit C.

16. Ceyanna Dent, national campaign manager for the West/Abdullah campaign, signed the first pending notice to acknowledge receipt.

17. Concurrently with issuing the first pending notice, Department staff advised the campaign in person that a candidate's affidavit from each of the 19 individuals listed as potential presidential electors on the Nomination Paper was a prerequisite to the completion of the Justice for All filing.

18. On July 30, 2024, the Department received by mail two affidavits from JAF's potential designated presidential electors.

19. Because those two affidavits did not correctly list the municipality or election district for the putative JAF presidential electors, the Department issued two additional pending notices dated July 30, 2024, and e-mailed them to the respective candidates, copying the West campaign. True, correct, and authentic copies of the July 30, 2024 pending notices and transmittal e-mails are attached as Exhibit D.

20. On August 1, 2024, the Department received by mail eight affidavits from Justice for All presidential-elector designees.

21. At 4:21 p.m. on August 1, 2024, counsel for the campaign e-mailed the Department's Chief Counsel seven presidential-elector affidavits in PDF format. True, correct, and authentic copies of the presidential-elector affidavits received July 30 through August 1, 2024 are attached as Exhibit E.

22. At 5:42 p.m. on August 1, 2024, counsel for the campaign again e-mailed the Department's Chief Counsel, transmitting one further presidential-elector affidavit and requesting that she "accept this additional elector affidavit."

## V. THE ELECTOR AFFIDAVITS AND THE DEPARTMENT'S REJECTION

23. Five signed original presidential-elector affidavits were presented at the Department's office before 5:00 p.m. on August 1, 2024.

24. Two of the presidential-elector affidavits submitted on behalf of Justice for All struck through the clause by which the candidate would have attested to the disaffiliation requirement: the affidavit of Plaintiff Charles Hier, among the eight

received by mail on August 1, 2024, and the affidavit of Plaintiff Katherine Hopkins-Bot, among the seven transmitted to the Department's Chief Counsel at 4:21 p.m. on August 1, 2024.

25. The Department's Nomination Paper Rejection Notice for the West/Abdullah nomination papers is dated August 1, 2024; the Department transmitted the notice to the campaign by e-mail on August 2, 2024, and by overnight mail delivered on August 6, 2024. A true, correct, and authentic copy of the rejection notice is attached as Exhibit F.

26. The rejection notice identified the ground for rejection as "Invalid Candidate's Affidavit," with the comment: "Department is not in receipt of valid affidavits for all 19 electors."

27. The rejection notice stated that the candidate could file a mandamus action in Commonwealth Court seeking an order directing the Secretary to accept the nomination papers pursuant to 25 P.S. § 2936.

## VI. PROCEDURAL HISTORY

28. On August 15, 2024, three individuals identified as West/Abdullah presidential electors — Autumn Williams, Abraham Daramay, and Jonathan Mark Daniels — filed a Petition for Review in the nature of mandamus against the Department and the Secretary in the Commonwealth Court of Pennsylvania, docketed at No. 394 MD 2024.

29. On August 19, 2024, the Secretary filed a verified Answer and New Matter in No. 394 MD 2024, verified by Deputy Secretary for Elections and Commissions Jonathan M. Marks.

30. West and Abdullah applied for leave to intervene in related proceedings in the Supreme Court of Pennsylvania (No. 25 WAP 2024); no relief issued before the 2024 general election.

## VII. NOMINATION OF PRESIDENTIAL ELECTORS BY POLITICAL PARTIES

31. A political party that is not a "minor political party" nominates its candidates for presidential elector through its presidential nominee, who — within thirty days after nomination by the national convention — nominates the party's candidates for presidential elector. 25 P.S. § 2878.

32. Candidates for President, Vice President, or presidential elector nominated by a major political party are not required to file individual candidate affidavits with the Department as a condition of the party's presidential nomination.

33. Candidates for presidential elector nominated by a major political party are not required to make the disaffiliation attestation.

34. The Department does not require presidential electors of any party or political body to submit a filing fee for any presidential elector.

35. For no party or political body are the names of candidates for presidential elector printed on the general-election ballot.

## VIII. THE IDENTIFICATION OF THE JUSTICE FOR ALL SLATE OF PRESIDENTIAL ELECTORS

36. The West/Abdullah nomination papers contained the signatures of more than 13,000 registered Pennsylvania electors.

37. In 2024, a political body nominating candidates for the offices of President and Vice President of the United States were required to set forth on the nomination paper itself the names, residences, and occupations of 19 candidates for the office of presidential elector, and the Department's nomination paper form required that all 19 appear on each sheet.

38. On or about February 29, 2024, the West/Abdullah campaign (the "Campaign") was provided with a summary of Pennsylvania's petition requirements. The Campaign's Volunteer Petitioning Guide for Pennsylvania, which addressed the elector-identification requirement among other requirements, was prepared and made available on or about May 12, 2024.

39. Beginning in 2023, the Campaign identified Pennsylvania supporters willing to be named as candidates for presidential elector and recorded them in its supporter and volunteer database under the designation "Volunteer – Elector." The Campaign's records reflect such designations for Pennsylvania individuals as early as June 13, 2023.

40. The Campaign finalized a petition template identifying the full slate of candidates for presidential elector on or about April 24, 2024, and made that template immediately available to volunteers for circulation.

41. The nomination papers presented to the Department on July 11, 2024 listed 19 individuals for the office of presidential elector, together with a committee of three persons named in the nomination papers as authorized to fill vacancies.

42. On or before July 12, 2024, the West/Abdullah Campaign sent a candidate affidavit template to electors, asking for a completed affidavit to be mailed "**no later than** Thursday, July 18."

43. The Department's frequently-asked-questions guidance stating that "minor political party and political body candidates for the office of presidential elector must file candidates' affidavits by the August 1 deadline" was posted on the Department's website as of June 7, 2024. The 2024 circulation period for political-body nomination papers had opened on February 14, 2024.

44. The July 11, 2024 pending notice directed that nomination papers with valid affidavits be received by the Department "no later than 5:00 P.M., Thursday, August 1st, 2024."

## IX. THE CAMPAIGN'S EFFORTS TO OBTAIN CANDIDATE AFFIDAVITS BEFORE THE AUGUST 1, 2024 DEADLINE

45. As the August 1, 2024 filing deadline approached, Campaign staff undertook direct telephone and electronic-mail outreach to the individuals identified as candidates for presidential elector for the purpose of gathering the candidate affidavits the Department required.

46. Senior Campaign personnel, including Plaintiff West personally and the Campaign's ballot-access counsel, joined the telephone outreach as the deadline

neared, and a session was convened with senior Campaign staff, counsel, and Plaintiff West for a final effort to reach the identified electors by telephone.

47. The outreach efforts included telephone calls, text messages, electronic mail, and dispatching individuals to the residence addresses listed for the identified electors.

48. Between July 31 and August 1, 2024, further substantial efforts were made to contact the identified candidates for presidential elector and to secure their candidate affidavits.

49. Campaign counsel corresponded and spoke by telephone with Department personnel to seek clarification of the rules and procedures for substituting candidates for presidential elector under Pennsylvania law.

50. The Campaign recruited substitute candidates for presidential elector and pursued documentation on their behalf. The committee to fill vacancies convened on July 24, 2024 and executed a Substitute Nomination Certificate, together with a candidate's affidavit, for one substitute candidate for presidential elector. Loqman Adnane, Plaintiff Charles Hier, and Arnold McWilliams submitted substitute-elector documentation.

51. The Campaign's written instructions directed the identified candidates for presidential elector to execute the candidate's affidavit in the physical presence of a notary, after presenting valid photographic identification, and to mail the

signed original to the Campaign; the instructions advised that notarial services are commonly available at a bank or shipping store for a nominal fee.

52. As of July 28, 2024, two individuals identified as candidates for presidential elector had not responded to the Campaign despite regular attempts at contact over a period exceeding two weeks.

## X. CHANGES IN CIRCUMSTANCE AFFECTING IDENTIFIED CANDIDATES FOR PRESIDENTIAL ELECTOR

53. Certain individuals identified as candidates for presidential elector expressed concern about the authenticity or legitimacy of communications from persons unknown to them requesting personal information or additional paperwork in connection with the elector role. One identified elector communicated to Campaign staff a belief that a voicemail message left by Plaintiff West was artificially generated rather than an authentic message from him. One identified elector who also served on the committee to fill vacancies expressed distrust of the elector process and requested that the Campaign not contact her further.

54. At least one individual identified as a West/Abdullah candidate for presidential elector was unable to execute the candidate's affidavit because she had been a registered and enrolled member of a political party during the period specified in 25 P.S. § 2911(e)(6), and so advised the Campaign before the August 1, 2024 deadline.

55. The West/Abdullah campaign had difficulties with presidential electors in other states as well. For example, in Arizona, the campaign submitted the name of an elector who later told a reporter that she had not agreed to be an elector.

56. The candidate's affidavit may be completed as an unsworn declaration under penalty of perjury pursuant to Act 2020-15 and need not be notarized.

57. Neither Cornel West nor Melina Abdullah have decided whether to run for President or Vice President in 2028.

58. Neither Cornel West nor Melina Abdullah, nor anyone associated with them, have begun any formal recruiting of electors for the 2028 election cycle.

59. [Intentionally omitted.]

60. All documents produced by Plaintiffs in this matter (WEST-0001 through WEST-0123) are true and authentic copies of original documents.

**SO STIPULATED:**

*On behalf of Plaintiffs:*

Dated: August 21, 2026

/s/ Shohin H. Vance
Shohin H. Vance
Joshua J. Voss
**SAXTON & STUMP LLC**
100 Deerfield Lane, Suite 240
Malvern, PA 19355
svance@saxtonstump.com
*Counsel for Plaintiffs*

*On behalf of Defendant:*

Dated: August 21, 2026

/s/ Stephen R. Kovatis
Stephen R. Kovatis
Jacob B. Boyer
**PA DEP'T OF STATE /**
**OFFICE OF GENERAL COUNSEL**
30 North Third Street, Suite 200
Harrisburg, PA 17101
skovatis@pa.gov
*Counsel for Defendant Al Schmidt,*
*Secretary of the Commonwealth*

## INDEX OF EXHIBITS

**Exhibit A.** Pa. Dep't of State, Instructions for Filing as a Candidate of a Political Body (2024) [also ECF 20-1, Ex. 1]

**Exhibit B.** Political Body Candidate's Affidavit form, DSBE-PBCA (rev. 2/24) [Bates WEST--0118]

**Exhibit C.** First pending notice to Cornel West, dated July 11, 2024 ("0 of 19 Electors") [ECF 20-1, Ex. 2]

**Exhibit D.** Pending notices dated July 30, 2024, and transmittal e-mails [ECF 20-1, Exs. 4–5; ECF 29-3]

**Exhibit E.** Presidential-elector affidavits received July 30 – August 1, 2024 [ECF 20-1, Exs. 3, 6–9; ECF 29-5, 29-6]

**Exhibit F.** Nomination Paper Rejection Notice, Log No. 2024C0877, dated August 1, 2024 [ECF 29-7; ECF 20-1, Ex. 10]

**Exhibit G.** Verified Answer and New Matter, Williams v. Dep't of State, No. 394 MD 2024 (Aug. 19, 2024) [ECF 20-1]

**Exhibit H.** Petition for Review, Williams v. Dep't of State, No. 394 MD 2024 [ECF 20-3]

**Exhibit I.** Declaration of Paul Michael Hamrick (Oct. 7, 2024) [ECF 28]

**Exhibit J.** Political Body Candidate's Withdrawal Notice, form DSBE-PB WD (rev. 7/24) [Bates WEST--0110]

**Exhibit K.** Substitute Nomination Certificate and Candidate's Affidavit for Substitute Nomination Certificate, form DSBE-PBSNC (6/24), executed July 24, 2024 [Bates WEST--0115–0117]

**Exhibit L.** Campaign elector-status summary, July 28, 2024 (personal identifiers redacted) [Bates WEST--0044]

**Exhibit M.** Campaign correspondence reflecting the out-of-state relocation of an identified candidate for presidential elector, July 26, 2024 (personal identifiers redacted) [Bates WEST--0122–0123]